EELLS and others, Adm'rs, v. HOLDER and others.

*(Circuit Court, D. Kansas. November, 1880.)*

1. EXECUTORS AND ADMINISTRATORS—SUITS BY.

In the absence of a statutory provision an administrator cannot sue outside of the state in which he is commissioned.

2. SAME—FOREIGN ADMINISTRATOR MAY COLLECT ASSETS.

Notes owned by deceased at the time of his death, secured by mortgages on lands in another state, are assets in the hands of his administrator appointed in the state where he resided at the time of his death, and his administrator may sue on them in the state where the land lies by which their payment is secured.

*Pratt, Brumback & Ferry*, for complainants.

*G. C. Clemens*, for respondent.

McCRARY, C. J. The complainants sue as administrators of the estate of Stillman Witte, who died intestate in the state of Ohio, in which state the complainants were appointed administrators.

The respondent demurs to the bill upon the ground that the complainants cannot sue in this state in virtue of a grant of administration in Ohio. In the absence of a statutory provision, it is clear that an administrator cannot sue outside of the state in which he is commissioned. *Dixon's Ex'rs* v. *Ramsey's Ex'rs*, 3 Cranch, 519; *Fenwisk* v. *Sears*, 1 Cranch, 259; *Noonan* v. *Bradley*, 9 Wall. 394.

The statute of Kansas, however, provides as follows:

"An executor or administrator appointed in any other state or county may sue or be sued in any court in this state, in the capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue or be sued." Comp. Laws 1879, p. 436, § 2491.

The suit is upon notes secured by mortgage upon real estate situated within this district. The mortgagee and payee of the notes was a citizen of Ohio, and died there, while the mortgagor is a citizen of this state.

Counsel for respondent concedes that the statute authorizes a foreign administrator to sue in this state in certain cases, but insists that, according to the allegations of the bill, the complainants had no right to bring this particular action, because they did not by virtue of their appointment as administrators become the owners of the notes and mortgage sued on; that the title did not pass to them so as to enable them to sue and recover. This presents the question whether the notes and mortgage, being the property of Stillman Witte, a citizen of Ohio at the time of his death, passed as assets into the hands of his administrators in that state, the mortgage being upon Kansas land and the mortgagor and maker of the notes residing in the latter state. In other words, were the notes and mortgage assets of the estate of Witte in the state of Kansas or in the state of Ohio? The bill avers, and the demurrer admits, that at the time of the execution of the notes and mortgage the said Stillman Witte was a citizen of Ohio, and so continued until 1875, when he died intestate. It is now well settled that a mortgage given to secure a promissory note is a mere security and an incident to the note. Wherever the note is held and owned, there the mortgage follows. Can it be doubted that the notes sued on in this case were the property of Witte in Ohio at the time of his death, and that they became assets of his estate in that state? Property of this character—mere choses in action—has in law no locality separate from the parties by whom it is owned. In the case of the *State Tax on Foreign-held Bonds*, 15 Wall. 300, it was held that bonds issued by a railroad company are property in the hands of the holders, and when held by non-residents

of the state in which the company was incorporated they are property beyond the jurisdiction of that state. It was further held in that case that the fact that the bonds were secured by mortgage upon property situated in Pennsylvania did not make them property within that state, and this for the reason that a mortgage under the laws of Pennsylvania, as here, though in form a conveyance, is a mere security for a debt, and transfers no estate in the mortgaged premises.

"It has long been settled," says the supreme court in *Wilkins* v. *Elliott, Adm'r*, 9 Wall. 740, "and is a principle of universal jurisprudence in all civilized nations, that the personal estate of the deceased is to be regarded, for the purposes of succession and distribution, wherever situated, as having no other locality than that of his domicile; and if he dies intestate the succession is governed by the law of the place where he was domiciled at the time of his decease, and not by the conflicting laws of the various places where the property happened at the time to be situated." . It follows that the notes and mortgage sued on in this case were assets of the estate of Witte in the state of Ohio, and as such passed to his administrators in that state, who had, according to the plain terms of the statute of Kansas, the right to sue upon them "in like manner and under like restrictions as a non-resident may sue." This statute clearly authorizes a foreign executor to sue in this state to recover any debt which is assets in his hands. I am not prepared to say that it does not authorize such an executor or administrator, in the absence of administration in this state, to sue in this state upon any debt upon which the deceased might have sued at the time of his death; but it is not necessary in this case to decide that point. It is enough for the present to hold that the debt sued for was assets in Ohio, and there passed to complainants.

Demurrer overruled.