**Amanda HOLT and Alyce P. Woods,
Appellants,**

v.

**Marjorie K. KING and Myrtle Perkins,
Appellees.**

**No. 5631.**

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1957.

John E. Shamberg, Kansas City, Kan. (William H. Towers, Joseph Cohen, Charles S. Schnider, Thomas E. Joyce, Joseph P. Jenkins, and Albert M. Ross, Kansas City, Kan., were with him on the brief), for appellants.

J. W. Mahoney, Kansas City, Kan. (David W. Carson, Kansas City, Kan., William A. Smith, Topeka, Kan., and John K. Dear, Kansas City, Kan., were with him on the brief), for appellees.

Before PHILLIPS, MURRAH and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellants, plaintiffs below,[1] brought suit to quiet title to certain real and personal property allegedly conveyed to them by their deceased brother, Edward Buckner.[2] The appellees, defendants below, are Marjorie K. King who asserts a claim to the property as a devisee under the will of Buckner, and Myrtle Perkins as executrix of the Buckner estate.[3] At the end of the plaintiffs' case the court sustained an oral motion to dismiss on jurisdictional grounds.

Jurisdiction is based on diversity of citizenship.[4] It is conceded that the required jurisdictional amount is involved.

The motion to dismiss was based on two contentions, each of which was apparently upheld by the trial court. First, defendants urged that, so far as the real property is concerned, the plaintiffs claim as tenants in common with Grace Edwards, a Kansas citizen, who is an indispensable party and whose joinder would destroy the diversity basis of jurisdiction. In this regard defendants also

1. Hereinafter referred to by name or as plaintiffs.

2. Hereinafter referred to as Buckner.

3. Hereinafter appellee King will be referred to as a defendant or by name and appellee Perkins will be referred to as a defendant or as executrix or by name.

4. Plaintiff Holt is an Iowa citizen and plaintiff Woods is a Michigan citizen. The defendants are Kansas citizens.

urge that a decision in this case will be determinative of the rights of Pauline Franklin, also a Kansas citizen, to certain other property allegedly conveyed to her by Buckner. Second, plaintiffs assert that the issues presented are probate matters which are, under Kansas law, within the exclusive jurisdiction of the Kansas probate court and hence are not properly within the jurisdiction of the federal courts.

Buckner and his wife, Sarah, in 1949 made a joint and mutual will. Item II thereof provided:

"Upon the death of either of us, the survivor shall own and hold all property, real, personal and mixed, which either of us shall own at the time of said death without restrictions or limitations of any kind * * * [with certain exceptions not pertinent hereto]."

Item III, so far as the issues here presented are concerned, reads thus:

"Upon the death of the survivor of us, all property, real, personal and mixed, of whatever same may consist and wherever same may be located owned by said survivor at the time of said death shall be divided as follows:

* * * * * *

"(c) One half (½) of the rest, remainder and residue of the property and estate shall go to our niece, Marjorie K. King, of Wichita, Kansas, or if she shall not be living at said time, then her share shall be divided equally, share and share alike, among the heirs of her body, per stirpes and not per capita.

"(d) The other one half (½) thereof shall be divided between Mr. Buckner's sisters, namely Amamda Holt, Grace Edwards, and Alyce P. Woods, share and share alike, * * *."

Sarah died in 1953. Her will was admitted to probate, distribution made thereunder, and decree of final settlement entered on April 27, 1954.

On September 14, 1954, Buckner made two conveyances of real property. One was to Pauline Franklin, not a party to this case, and the other to Grace Edwards, who also is not a party hereto, and the two plaintiffs. Each conveyance contained the following provision:

"The grantor, Edward Buckner, hereby reserves to himself a life estate in and to this property and during his lifetime shall be entitled to the use, rents and income thereof."

Buckner and his wife, Sarah, were interested in a corporate business known as Wyandotte Cab, Inc. Of the 10 shares of stock issued, Buckner held 4 shares, Sarah 5 shares, and Grace Edwards 1 share. On April 27, 1954, after the final settlement of Sarah's estate, Buckner transferred 3⅓ shares to Plaintiff Holt, 3⅓ shares to plaintiff Woods and 2⅓ shares to Grace Edwards. In each case the transfer was to Buckner and the individual named "as joint tenants, with right of survivorship."

After the death of Buckner on September 7, 1955, his will was filed for probate in the Probate Court of Wyandotte County, Kansas. Grace Edwards was originally named executrix but she was removed and the defendant Perkins was appointed in her place.[5] On December 21, 1955, the Kansas probate court granted the application of executrix Perkins for permission to bring suit in the District Court of Wyandotte County, Kansas, to set aside allegedly illegal transfers of property by Buckner to the two plaintiffs and to Grace Edwards and Pauline Franklin. The petition in the suit so authorized was verified on December 22, 1955, and filed in the state district court. The date of such filing does not appear

5. The action of the probate court in removing Edwards and appointing Perkins was, on December 22, 1955, appealed to the District Court of Wyan-

dotte County, Kansas, and, so far as the record shows, is still pending and undisposed of in that court.

in the record before us. The case now under consideration was filed in the United States District Court for the District of Kansas on December 22, 1955.

The trial court entered judgment for the defendants on February 18, 1957, and this appeal was taken on the next day. After the printed transcript of record and the appellants' brief were filed in this court, King and Perkins filed a motion to amend the record and a motion to dismiss the appeal. In the motion to amend it is averred that on March 8, 1957, King petitioned the probate court for construction of the Buckner will. The plaintiffs and Grace Edwards entered their appearances and asked that, pursuant to Kan.G.S.1955 Supp. § 59–2402a, the proceedings be transferred to the District Court of Wyandotte County, Kansas. The transfer was ordered and that matter is now pending in the district court. These facts are not contested.

The motion to dismiss the appeal is based on the theory that the plaintiffs, by voluntarily petitioning for the removal of the proceedings to construe the will to the state district court, acquiesced in the prior judgment of dismissal entered by the federal district court in the case now on appeal.

The Kansas rule, as stated in Rose v. Helstrom, 177 Kan. 209, 277 P.2d 633, 635–636, is that one who acquiesces in a judgment loses the right of appellate review. Accepting this as the controlling principle, we see nothing in the actions of the plaintiffs which constitutes any acquiescence in the judgment of the federal district court. Previously they had taken this appeal and they have prosecuted it diligently. The situation is simply one in which the adversaries are contending in two arenas with the resourcefulness that is characteristic of the legal profession.

As the facts set out in the motion to amend are admitted, there is no reason to amend and the motion to amend is denied. The motion to dismiss the appeal is likewise denied.

The question for consideration is solely whether the federal court has jurisdiction. The first ground of attack is that Grace Edwards, a Kansas citizen, is an indispensable party and her joinder destroys diversity. This is based on the fact that the deed, on which plaintiffs rely to support their claim to certain real property and which the defendants say is ineffective, conveys the property to Grace Edwards and the two plaintiffs.[6]

Rule 19(a), Federal Rules of Civil Procedure, 28 U.S.C.A., requires the joinder of all persons "having a joint interest." Plaintiffs assert title to the real property under a deed from Buckner to them and Grace Edwards. The deed contains no language indicating an intent to create a joint tenancy. The plaintiffs and Edwards are tenants in common.[7] Tenancy in common is the holding of an estate in land by different persons under different titles, but there must be unity of possession, and each must have the right to occupy the whole in common with his cotenants.[8]

In Kansas less than all tenants in common may maintain as against third parties an action in ejectment[9] and for forcible entry and detainer[10] to establish his or their undivided interest in the real estate. The situation in effect is the same as that before this court in Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442, wherein it was held that an action to quiet title to Oklahoma land could be maintained by tenants in common who

6. Questions relating to the form or sufficiency of the deed do not relate to jurisdiction and need not be considered at this time.

7. Kan.G.S.1949, § 58–501; see Bouska v. Bouska, 159 Kan. 276, 153 P.2d 923, 925.

8. Fry v. Dewees, 151 Kan. 488, 99 P.2d 844, 847; 86 C.J.S. Tenancy in Common § 1, p. 361.

9. Coulson v. Wing, 42 Kan. 507, 22 P. 570, 572; Horner v. Ellis, 75 Kan. 675, 90 P. 275, 276.

10. Klingbeil v. Neubauer, 111 Kan. 716, 208 P. 255.

did not join all their cotenants as against the objection that the absent cotenants were indispensable parties.[11] The plaintiffs have the right to have their title determined. The rights of Edwards and Pauline Franklin cannot be determined herein and consequently they will not be injuriously affected. Rule 19(b) makes it clear that the judgment will not "affect the rights or liabilities of absent persons." Neither Edwards nor Franklin is an indispensable party to this action.

The remaining contention is that the federal courts are without jurisdiction because this is a probate matter. The diversity jurisdiction in the federal courts is generally concurrent with courts of general jurisdiction of the state wherein the federal court sits.[12] While a federal court has no jurisdiction to probate a will or administer an estate,[13] questions relating to the interests of heirs, devisees or legatees, which may be determined without interfering with probate or assuming general probate jurisdiction, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy.[14] As the jurisdiction of the courts of the United States is derived from the federal constitution and statutes, that jurisdiction is not subject to restraint or limitation by state legislation establishing courts of probate and giving them exclusive jurisdiction over the estates of decedents.[15]

In Miami County Nat. Bank v. Bancroft, 10 Cir., 121 F.2d 921, a case arising from Kansas, it was held that the plaintiffs had the right to maintain a federal court suit to determine their heirship and interest in the property of a decedent. Another Kansas case was Rosenberg v. Baum, 10 Cir., 153 F.2d 10, in which it was held that there was federal jurisdiction in a suit to impress a trust and to require an accounting of the assets of the estate of a decedent. Rice v. Sayers, 10 Cir., 198 F.2d 724, was a suit to nullify certain trusts created by will. This court held that under Kansas law the action was one to contest a will and was an action over which the Kansas probate court had exclusive jurisdiction. Accordingly, as the Kansas courts of general original jurisdiction were without jurisdiction, the federal court likewise had no jurisdiction.

The case now before us is one to quiet title. As such it would be triable in a Kansas district court, which is a court of general original jurisdiction in civil and criminal matters.[16] The question is not one of probate but of determination of the ownership of property.[17] There is involved no interference with probate proceedings, no assumption of general jurisdiction over the probate of the estate, and no control of property in the custody of the state court.[18]

Counsel for defendants argue that the determination of the issues presented here involves the construction of a will. This is not decisive. Under Kansas law an action to bring property into an estate or to realize something for the benefit of an estate must be brought in the district court,[19] and an action by an administrator to quiet title to estate property must

11. This rule has been uniformly followed in other circuits. See Chidester v. City of Newark, 3 Cir., 162 F.2d 598; Young v. Garrett, 8 Cir., 149 F.2d 223; Seely v. Cornell, 5 Cir., 74 F.2d 353; Cowling v. Deep Vein Coal Co., 7 Cir., 183 F.2d 652. Cf. Delta Drilling Co. v. Arnett, 6 Cir., 186 F.2d 481.

12. Erwin v. Barrow, 10 Cir., 217 F.2d 522, 524.

13. Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256.

14. Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664.

15. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43, 30 S.Ct. 10, 54 L.Ed. 80.

16. Kan.G.S.1949, § 20–301.

17. Cf. Miami County Nat. Bank v. Bancroft, supra, 121 F.2d at page 923.

18. Markham v. Allen, supra.

19. In Re Weaver's Estate, 175 Kan. 284, 262 P.2d 818, 821; In Re Slaven's Estate, 177 Kan. 185, 277 P.2d 580, 583.

**676**

be in the district court.[20] The defendant executor has recognized this rule by the action which she has brought in the District Court of Wyandotte County to cancel the deed under which the plaintiffs claim. The fact that the construction of the will may be involved does not oust the Kansas district court of jurisdiction. Hence, it cannot oust the federal court of jurisdiction.

Finally, defendants point out that the ultimate question is whether the deed or the will is effective to pass title and they urge that as all parties cannot be brought before the federal court without ousting it from jurisdiction, the matter should proceed in the Kansas courts where the rights of all may be conclusively determined under Kansas law.

Granting that Kansas law controls, difficulty in ascertaining what that law may be as determined by the state courts is not a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision. As said in Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9:

"In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment."

The elements essential to federal diversity jurisdiction are present in this case. Accordingly, the judgment is reversed.

On November 18, 1957, this court entered an order staying further proceedings in case No. 93377-A on the docket of the District Court of Wyandotte County, Kansas, entitled Myrtle Perkins, as executrix of the Estate of Edward Buckner, deceased, and Marjorie K. King, plaintiffs, v. Grace Edwards, Amanda Holt, et al., defendants, and in case No. 96433-A on the docket of the same court, entitled In re Estate of Edward Buckner, deceased. Upon the remand of this case to the United States District Court for the District of Kansas, that court shall determine whether the stay order shall be vacated or continued.

20. Kininmonth v. Carson, 156 Kan. 808, 137 P.2d 173, 179.