**Perrin D. McELROY, Administrator Pending Contest of the Estate of Jacob Gershon, Deceased, Plaintiff,**

v.

**SECURITY NATIONAL BANK OF KANSAS CITY, KANSAS, Defendant.**

**No. KC–1841.**

United States District Court
D. Kansas.
April 1, 1963.

John E. Blake, John E. Blake, Jr. and Bill E. Fabian, of Blake, Fabian & Fabian, Kansas City, Kan., and Edgar Shook and Charles Bacon, of Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for plaintiff.

N. E. Snyder, Kansas City, Kan., and Edward M. Boddington and Edward M. Boddington, Jr., of Boddington & Boddington, Kansas City, Kan., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

In this action, plaintiff, the administrator of the estate of Jacob Gershon, deceased, seeks to cancel a promissory note in the amount of $65,000, and an instrument captioned "Assignment of Stock, Separate From Certificate," both of which purportedly were executed by the deceased. The plaintiff also seeks the possession of a stock certificate representing 800 shares of American Telephone and Telegraph Company stock which purportedly was pledged as collateral security for the payment of the note. The plaintiff alleges that the deceased was mentally incompetent at the time of the purported loan transaction and that the deceased received no benefit from this transaction. It is further alleged that the officers of the defendant bank knew or should have known of the mental incompetency of the deceased and that the deceased was to receive no benefit from the purported transaction.

The plaintiff states that he is a resident of Missouri, acting in a representative capacity under appointment by the Probate Court of Jackson County, Missouri, and that the defendant is a banking corporation, with its place of business in Kansas. Diversity of citizenship and the requisite jurisdictional amount are not disputed.

The defendant has filed a motion to dismiss on the grounds that: (1) the plaintiff lacks the capacity to maintain this action, (2) the court lacks jurisdiction over the subject matter of this action, (3) the plaintiff has failed to join indispensable parties, and (4) the complaint fails to state a claim upon which relief can be granted.

It is the contention of the defendant that the plaintiff, as a foreign administrator, has no authority to sue in a forum other than in the state in which he was appointed and that, as a Missouri administrator pending contest, he may not maintain an action in a federal court sitting in Kansas.

In his complaint, the plaintiff alleges that he was appointed pursuant to a Missouri statute, V.A.M.S. § 473.137, which provides that:

"An administrator appointed pursuant to this section shall proceed with the administration of the estate until termination of the will contest * * *."

Under Missouri law, the powers and duties of an administrator pending contest are the same as those of a regular administrator, including the duty to collect and preserve the assets of the estate. Odom v. Langston, 351 Mo. 609, 173 S.W. 2d 826 (1943).

■ The capacity of the plaintiff to bring this action depends upon the substantive law of Kansas. Rule 17(b), F.R.Civ.P. The general rule, upon which the defendant relies, is that:

"* * * (A)n executor or administrator cannot sue in his official capacity in the courts of any country or state other than that from which he derives his authority to act by virtue of the letters there granted to him unless such authority is granted by statute * * *." 21 Am.Jur. Executors and Administrators § 981 (1939).

Kansas has such a statute. G.S.1949, 59–1708, provides that:

"A fiduciary duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of fiduciary, in like manner and under like restrictions as a nonresident may sue or be sued."

This statute abrogates the general rule in Kansas. Bartlett, Some Problems in Probate Law, 16 Kan.B.J. 278, 284 (1947). In construing this statute and its predecessors, the Kansas Supreme Court has stated that the statute means exactly what it says. In Clark v. Moffett, 136 Kan. 711, 18 P.2d 555 (1933), it was contended that a Missouri administrator was without capacity to sue in Kansas. The court stated that "[o]ur statute (R.S. 22—1308) [predecessor of 59—1708] authorizes an administrator of another state to sue or be sued in this state."

The cases of Moore v. Jordan, 36 Kan. 271, 13 P. 337 (1887); National Bank of Topeka v. Mitchell, 154 Kan. 276, 118 P.2d 519 (1941); and Jones v. Goodman, 114 F.Supp. 110 (D.Kan.1953), upon which the defendant relies, do not stand for the proposition that a foreign fiduciary cannot sue in Kansas, but rather that there must be assets of the estate or a valid cause of action in existence in Kansas before such fiduciary may maintain a suit.

■ The defendant argues that even though G.S. 59–1708 grants the capacity to sue, the statute confers only the capacity to sue and be sued in state courts, and not in the federal court in Kansas. The language of the statute relied on by the defendant is "in any court in this state." Although this precise question was not raised, actions by foreign fiduciaries under predecessors of the statute in question containing the same language have been entertained in the federal court in Kansas. See Quinton v. Neville, 152 F. 879 (8th Cir., 1907); Edwards v. Hill, 59 F. 723 (8th Cir. 1894); Eells v. Holder, 12 F. 668 (C.C.D.Kan.1880). Diversity jurisdiction of the federal courts is generally concurrent with courts of general jurisdiction of the state wherein the federal court sits. For purposes of diversity jurisdiction, a federal court is "in effect, only another court of the State." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079 (1945); Erwin v. Barrow, 217 F.2d 522 (10th Cir. 1954). It seems clear that it was the intent of the legislature to abrogate the common-law rule of incapacity of foreign fiduciaries and to grant them the right to maintain a suit in any court having jurisdiction of the subject matter and the parties. The defendant argues that if the statute can be so construed, it is an unauthorized grant of jurisdiction to the federal court by the legislature of Kansas. The question, however, is not one of jurisdiction, but rather one of the capacity of a foreign fiduciary to invoke the jurisdiction of the court.

I hold that the general rule as to foreign fiduciaries is inapplicable and that the plaintiff has the capacity to bring this action under authority of G.S.1949, 59–1708.

■ Without citing any authority in support, the defendant maintains that before the plaintiff may bring suit he must first have complied with G.S.1949, 59–1706 and 59–1707. Section 59–1706 provides for the appointment of a resident service agent in Kansas by a non-resident fiduciary who is himself appointed in Kansas. This section is not applicable to the case at bar. Section 59–1707 is

a permissive procedural statute whereby a foreign fiduciary is empowered to take certain actions in Kansas dealing with mortgages, judgments or liens, or to collect debts owed the estate, by filing a record of his authority in the probate court of the proper county. This section contains no language making compliance with it a prerequisite to bringing an action by a foreign fiduciary. Neither of these sections affect the capacity of a foreign fiduciary to bring suit.

██ The defendant asserts that this court lacks jurisdiction over the subject matter because actions of this type, under Kansas Law, are within the exclusive original jurisdiction of the probate courts. It is true that a federal court has no jurisdiction to probate a will or to administer an estate. However, questions which may be determined without interfering with probate or assuming general probate jurisdiction are within the jurisdiction of the federal court where diversity of citizenship exists and the requisite amount is in controversy. Holt v. King, 250 F.2d 671 (10th Cir. 1957); Rosenberg v. Baum, 153 F.2d 10 (10th Cir. 1946). Diversity jurisdiction in the federal courts is generally concurrent with courts of general jurisdiction of the state wherein the federal court sits. Erwin v. Barrow, supra.

█ The rule of Kansas relating to the jurisdiction of probate courts and that of district courts of general jurisdiction is that if the purpose of an action is to get something out of an estate, the probate court has exclusive jurisdiction of the matter; but when the purpose of the action is to bring something into an estate, that is, when an estate has a claim which its personal representative is attempting to enforce, the action is to be brought in the district court or some other court of competent jurisdiction. Weaver v. White, 190 Kan. 291, 374 P.2d 219 (1962); Shields v. Fink, 190 Kan. 17, 372 P.2d 252 (1962).

█ This action is one by the administrator to recover alleged assets of the estate which are being claimed by the defendant and to cancel instruments pur-

portedly executed by the deceased. Such an action is therefore one to bring property into the estate or to realize something for the benefit of the estate. Under Kansas law, the probate court would not have jurisdiction and it would have to be brought in the district court. In re Slaven's Estate, 177 Kan. 185, 277 P.2d 580 (1954); In re Weaver's Estate, 175 Kan. 284, 262 P.2d 818 (1953). This court therefore has jurisdiction over the subject matter of the action. Holt v. King, supra.

██ The defendant takes the position that there is a lack of indispensable parties and that the heirs and the executor or the administrator should be joined. Both Rule 17(a), F.R.Civ.P. and Kan. G.S.1949, 60–403 provides that an administrator may bring an action without joining with him the party for whose benefit the action is brought. In Kansas, "an administrator is the proper person to recover the assets of a decedent's estate. That such is the law cannot be doubted. He is not only the proper person to do so, but that is his duty." Farmers State Bank v. Mitchell, 143 Kan. 286, 55 P.2d 423 (1936). See also Calkin v. Hudson, 156 Kan. 308, 133 P.2d 177 (1943); Brothers v. Adams, 152 Kan. 675, 107 P.2d 757 (1940). It is improper and unnecessary to join as parties those who ultimately will be benefited. 34 C.J.S. Executors and Administrators §§ 737, 738 (1942). The plaintiff, whose duty it is to collect and preserve the assets of the estate is able to represent the interests of the estate. There is no lack of indispensable parties and a final decree can be entered between the present parties without injuriously affecting the interests of absent parties.

██ The final ground on which the defendant bases its motion to dismiss is that the complaint does not state a cause of action upon which relief can be granted. The defendant contends that an action for cancellation of instruments and for a return of the stock certificate to the estate cannot be maintained by the plaintiff because restitution of the $65,-000 purportedly loaned to the deceased

was not made or tendered. The general rule applicable to this question is that an instrument obtained from an incompetent person by one who was ignorant of the incompetency, and who acted in good faith, and gave a fair consideration, will not be set aside unless the parties can be restored to their original positions. Gribben v. Maxwell, 34 Kan. 8, 7 P. 584 (1885); 12 C.J.S. Cancellation of Instruments § 44 (1938). This rule is not without exceptions however. If the plaintiff received no benefit or anything of value, there is nothing to restore; and where an instrument is obtained from an insane person by one having knowledge of his incompetency, the instrument will be set aside without requiring the restoration of the consideration received, this on the principle that anyone dealing with an insane person, knowing him to be insane, deals with him at his own peril and must bear the loss. 12 C.J.S., supra; Annot. 46 A.L.R. 413, 429 (1927). The Kansas Supreme Court has recognized these exceptions to the general rule. A tender of benefit received may be excused. Dunbar v. Severance, 50 Kan. 395, 31 P. 1055 (1893). A tender of restitution need not be made when receipt of any benefit is denied by the plaintiff and the good faith of the defendant is attacked in the pleading. Sheehan v. Allen, 67 Kan. 712, 74 P. 245 (1903). An instrument executed by an insane person to one who has knowledge of his mental incompetency and where no substantial consideration is given is a nullity, and an action to set aside the instrument may be maintained although no tender of restitution has been made. Bethany Hospital Co. v. Philippi, 82 Kan. 64, 107 P. 530, 30 L.R.A.,N.S., 194 (1910).

The case of State Bank of Downs v. Criswell, 155 Kan. 314, 124 P.2d 500 (1942), upon which the defendant relies differs from the case at bar because in that case the incompetency of the deceased was questionable and he had received substantial benefit. Criswell is merely an application of the general rule.

■ In his complaint, the plaintiff alleges that the deceased, Jacob Gershon, was mentally incompetent at the time of the purported transaction and that the officers of defendant bank knew or should have known of this. It is further alleged that Jacob Gershon received no benefit from the purported transaction. These allegations must be accepted as true for the purpose of the motion to dismiss. Vrooman v. Beech Aircraft Corp., 183 F.2d 479 (10th Cir. 1950).

I hold that the allegations of the complaint are sufficient to state a cause of action upon which relief can be granted.

The defendant's motion to dismiss will be denied.