Viola Keiser **HYDE**
and
George Frederick Keiser
v.
**FIRST AND MERCHANTS NATIONAL BANK, Executor and Trustee under the will of George Adam Keiser, deceased.**
Civ. A. No. 66-C-31-L.

United States District Court
W. D. Virginia,
Lynchburg Division.
March 3, 1967.

528

Joseph L. Lyle, Davies & Lyle, Lynch-burg, Va., for plaintiffs.

Lapsley W. Hamblem, Jr., Caskie, Frost, Davidson & Hobbs, Lynchburg, Va., for defendant.

## Opinion and Judgment

DALTON, District Judge.

By their complaint filed on November 4, 1966, as modified by their amended complaint filed on February 6, 1967, the plaintiffs have prayed this court to enter a judgment in their favor for $18,775.87 against the defendant. The essential substance of the complaint for purposes of this opinion is set out in the following paragraph.

Plaintiffs are two of the natural children of George Adam Keiser, deceased, and as such have equal status with Jack W. Keiser and Muriel K. Clark, two other natural children of the decedent, under the will of George Adam Keiser where provision was made by him for the distribution of the residuary estate to the children of said George Adam Keiser. The Peoples National Bank and Trust Company of Lynchburg, succeeded by the defendant, First and Merchants National Bank, was named in the will, and qualified, as Executor and Trustee. The defendant therefore had a duty to protect the residuary estate which was eventually to go to the children of the testator. Plaintiffs continue to allege that in violation of its fiduciary duties and obligations, the defendant has paid from the funds of the residuary estate, the sum of $27,551.74 to or for the account of George Sign Service. The last named business was a sole proprietorship which was owned by the testator and, by his will, was left to the management of Jack W. Keiser until the wife of the testator should desire the business to be sold. Plaintiffs say that all the payments made by the defendant to George Sign Service were made with the consent and approval of the remaining two children of the testator, Jack W. Keiser and Muriel K. Clark; and because of this consent and approval, Jack W. Keiser and Muriel K. Clark are estopped to complain of any

improper investment or distribution of the residuary funds. Plaintiffs allege further that they, the plaintiffs, have never consented to any investment or distribution to George Sign Service and thus, as non-consenting heirs and natural children of the testator, are entitled to one-half of all the residue funds which were improperly invested in or distributed to George Sign Service, (i. e., $13,-775.87). Additionally plaintiffs allege their right to $5,000 from the defendant which represents the income that would have been produced by the misdirected funds. Finally, they allege that the estate of George Adam Keiser is now insolvent, which plaintiffs allege resulted from the mishandling of the residuary estate by the Bank.

Defendant by its answer, as modified by its answer to the amended complaint, states various admissions, denials and allegations. But as far as this opinion is concerned, the most important question which defendant raises is that of jurisdiction. By a motion filed on January 20, 1967, defendant moved to dismiss on the grounds that the complaint of the plaintiffs constituted a defective class action in that it sought recovery of all the money paid to George Sign Service and yet failed to include Jack W. Keiser, who it alleges is an indispensable party plaintiff because he is one of testator's other two children. Once included, as defendant avers he must be, the action would fail for lack of complete diversity between all the plaintiffs and all the defendants because Jack W. Keiser is a resident of Lynchburg, Virginia, where the defendant is incorporated. Following this motion, the plaintiffs amended their complaint so as to pray for only their one-half of the money paid to George Sign Service. Pursuant to this amended complaint, defendants again asked the court to dismiss, this time on the grounds that the court lacks jurisdiction of the subject matter under 28 U.S.C.A. § 1332 (a) (1) because the claim of each plaintiff alone does not total as much as $10,-000 and the plaintiffs cannot aggregate their respective individual shares in order to make up the requisite $10,000 because the fund in question is not a divisible fund.

The defense raised and the discussion directed to class actions we do not feel is pertinent because we do not think this is an action brought by the two present plaintiffs on behalf of all four children. Moore's Federal Practice says at page 3419, 2nd edition, volume 3:

> * * * as the Supreme Court has pointed out, to the extent that persons have dual or potentially *conflicting interests* they cannot be regarded as in the *same class*, and some cannot stand in judgment for all. (Emphasis added.)

We feel that the potentially conflicting interests which the present plaintiffs have with the other two children of testator, over the issue of the part played by them in the bank's disbursement of the funds of the residuary estate, prevent the four children from falling in the same class.

In any event, we do not think that amended Rule 23 of the Federal Rules of Civil Procedure would allow a class action in this case, even if we were to assume that the children are all members of the same class. According to that rule, it is possible for one or more members of a class to sue as representative parties on behalf of all only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims * * * of the representative parties are typical of the claims * * * of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Even assuming the class, we do not feel the facts in this case would allow us to find, at this point, that any of the above four prerequisites are met.

Since this is not a class action, we turn next to the defendant's contention that the claims which the plaintiffs have joined together to present are separate and independent, for less than $10,000 each, and as such are not claims which can be aggregated to make up the requisite jurisdictional amount of $10,000. On this question as pointed out in Moore's Federal Practice the classic statement of the rule on aggregation is contained in Pinel v. Pinel, 240 U.S. 594, at page 596, 36 S.Ct. 416, at page 417, 60 L.Ed. 817 (1916), where the court said:

> The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

The *Pinel* case involved a suit by two children of a testator who joined together to complain that they had each been omitted from the will of their parent through the mistake or accident of the testator. They each asserted their right under the laws of Michigan, to the same share in the estate of the testator that they would have had if he had died intestate. The Supreme Court held, after setting forth the above quoted guidelines, that the claim of each complainant was separate and distinct from that of the other,

> it being evident that the testator's omission to provide for one of his children by will, based upon mistake or accident, is independent of the question whether a like mistake was made with respect to another child.

We believe, in the instant case, that the plaintiffs have united to enforce a single right, namely the right to hold the defendant bank answerable for the manner in which it invests funds in which the plaintiffs have an interest, and to succeed in establishing their rights the plaintiffs must do it as to the entire fund and not as to their individual portion thereof.

■ Without going to the merits of this case, we will say that when and if the bank made an unwise investment or loan of the residuary estate of G. A. Keiser with the consent of two of the four natural children, then immediately there arose in the other two children, our plaintiffs, the common and undivided right to hold the bank accountable. The action of the bank is not separable as to the plaintiffs. All that the bank did which may affect one of the plaintiffs will equally affect the other. Therefore it is enough if their interests collectively equal the jurisdictional amount.

The difficulty in this case is not in reciting the law that is applicable, but the real problem arises in applying the law to the facts. The law simply is that jurisdiction turns on the single question as to whether each complainant has a claim separate and distinct from the other or a common undivided interest or right with the other.

■ Additionally we observe that while we were concerned initially with the question of this court's jurisdiction to hear a case involving the administration of an estate the cases we have read, including Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946), and the concession of counsel for the defendant at the hearing on February 8, 1967, have convinced us that the case is one involving subject matter proper for this court's attention.

■ It appearing to the court that Jack W. Keiser and Muriel K. Clark may properly be interested in the issues presented in this action, the court therefore suggests that said persons be made parties defendant herein.

Thus it is adjudged and ordered that the motion of defendants to dismiss this

action for a lack of jurisdiction be, and the same hereby is, overruled.

■ The court is of the opinion that this interlocutory order entered herein involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate determination of this litigation. Pursuant to the provisions of 28 U.S.C. § 1292(b), further proceedings will be stayed herein pending such appeal.