**Frances A. TARLTON, Plaintiff,**

v.

**Robert L. TOWNSEND et al., Defendants.**

**No. GC 7166-S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Dec. 9, 1971.

Travis H. Clark, Jr., Greenwood, Miss., James C. Slaughter, of Fulbright, Crooker & Jaworski, Houston, Tex., for plaintiff.

H. R. Varnado, Jr. of Montgomery, Varnado & Garrard, Belzoni, Miss., for defendants.

## MEMORANDUM OF DECISION

SMITH, District Judge.

This action is before the court on defendants' motion to dismiss for lack of jurisdiction over the subject matter. Rule 12(b) (1) Fed.R.Civ.P.

Plaintiff is a citizen of the State of Texas. Defendants are citizens of the State of Mississippi and reside within the Greenville Division of the United States District Court for the Northern District of Mississippi. The action is one of a civil nature and the amount in controversy exceeds, exclusive of interest and cost, the sum or value of $10,-000.00. The action is, therefore, one over which this court has original jurisdiction pursuant to 28 U.S.C.A. § 1332(a) (1), unless the subject matter of the action precludes the assertion of jurisdiction because it is one purely probate in nature.

Defendants have moved the court to dismiss the action because they contend that the action involves matters concerning the administration of an estate which is presently being administered in the Chancery Court of Humphreys County, Mississippi, which court has probate jurisdiction.

The essential facts presented to the court on the motion to dismiss are not in dispute. Mrs. J. A. Anderson, a longtime resident of Humphreys County, Mississippi, departed this life on August 19, 1970, leaving a last will and testament which was duly probated in the Chancery Court of Humphreys County, Mississippi in Action No. E. 2854. Pursuant to the provision of the will defendant Robert L. Townsend (Townsend) was appointed executor of the estate and Letters Testamentary were issued to him thereon. Townsend entered into the duties of his office and has filed a final account with the Probate Court. The account has not as yet been considered by the Chancellor of the court and is pending on the court's probate docket.

Mrs. Anderson provided in her will that the executor should pay all of her bills and expenses. She bequeathed to plaintiff, Frances Anderson Tarlton, certain personal property, but the bequest has no relationship to issues involved in the action sub judice. She directed the executor to sell certain personal and real property owned by her at the time of her death, and, like the bequest above mentioned, the sale of such property and the disposition of the proceeds thereof are not material here. Mrs. Anderson bequeathed $7,500.00 to the First Baptist Church, Belzoni, Mississippi, provided such amount be available after the bills and expenses had been paid. The balance and remainder of her estate she devised and bequeathed to plaintiff. The language used in such devise and bequest is as follows: "All of the balance and remainder of my property, I do hereby will, devise and bequeath to Frances Anderson Tarlton". Mrs. Anderson provided in her will that the executor should be allowed to serve without bond, inventory, appraisal or accounting, and she relieved him from making any report to any court.

 In considering the motion to dismiss the court must accept as true all facts set forth in the complaint.

Plaintiff alleges in the first cause of action in the complaint that defendant Townsend is the president of defendant Citizens Bank and Trust Company (Citizens Bank); that at the time of her death Mrs. Anderson owned seven notes,

each in the sum of $3,505.00, executed by defendant James Reed (Reed), totalling $24,535.00; that these notes were secured by Mrs. Anderson during her lifetime; that the Citizens Bank and Townsend wrongfully withheld the notes aforesaid from the estate of Mrs. Anderson being administered in the State Court, and that in December 1970 they obtained full payment of the notes from Reed and wrongfully converted the proceeds of the notes to the use of the Citizens Bank and/or Townsend. On account of such wrongful conversion, plaintiff, the residuary legatee in Mrs. Anderson's will, sues the Citizens Bank and Townsend in this action for value of the notes, with legal interest.

In the second cause of action in the complaint, plaintiff contends that defendant Bank filed claims in the matter of the estate of Mrs. Anderson, now pending in the State Court, for alleged debts owing by her to the Bank on three (3) promissory notes, including a $15,000.00 note, claiming the same were secured by a Deed of Trust on certain property owned by Mrs. Anderson in Belzoni, Humphreys County, Mississippi; that one of these notes was the renewal of several earlier notes including a $5,000.00 note; that defendant Bank and/or defendant Townsend continued to use the same $5,000.00 note, although previously paid off, as an existing indebtedness of Mrs. Anderson to the Bank and as part of the consideration for the said $15,000.00 note, while said defendants converted to their own use the sum of $5,000.00 previously paid by Mrs. Anderson in satisfaction of one of the $5,000.00 notes. Plaintiff seeks recovery of the sum of $5,000.00 against Townsend and defendant Bank.

In the third cause of action plaintiff contends that the Citizens Bank and Townsend have also conspired to defraud plaintiff out of other property owned by Mrs. Anderson at the time of her death and belonging to plaintiff as devisee and legatee under Will of the residue of Mrs. Anderson's estate. Plaintiff contends that she has been refused full information from defendants Townsend and Citizens Bank concerning all properties owned by Mrs. Anderson and belonging to the estate.

In the fourth cause of action, plaintiff seeks to recover from defendant Townsend for negligent and/or wrongful mismanagement in the handling of the estate of Mrs. Anderson.

In the fifth cause of action plaintiff seeks to recover exemplary damages in the amount of $50,000.00.

The defendants have exhibited to the motion to dismiss certified copies of certain papers filed in and a part of the administration proceedings in the State Probate Court, namely, the Will, Petition to Probate the Will, Decree Admitting the Will to Probate, Letters Testamentary issued on the Will to defendant Townsend, as executor of the estate. Defendants have also exhibited a Certificate of the clerk of the State Court that the estate is presently being administered in that court and has not been closed.

The main grievance of plaintiff is that Townsend, acting in the dual capacity of executor of the Will and chief executive officer of defendant bank, fraudulently failed and omitted to include in the assets of the estate being administered by him the notes in question and wrongfully converted the proceeds thereof to either his personal use and benefit, or to that of the bank. It was made known to the court on oral argument, that, while the Will waives account by Townsend, he has in fact submitted a final account of the administration of the estate to the State Court for its consideration and allowance, and, that Townsend does not charge himself in the account with the notes involved in the action sub judice. It is also admitted that the notes involved herein have been paid by the maker to defendant bank. The action sub judice involves the alleged conversion of the proceeds of the notes by de-

fendant bank and Townsend. It is, therefore, clear that the action sub judice does not pertain to or affect property which has been subjected to the jurisdiction of the State Court. It is, as it must be, well known to the parties that plaintiff can appear in the State Court proceedings, object to the allowance of Townsend's account, and seek to surcharge the account with the assets which plaintiff contends have been wrongfully withheld by him from the estate. The issue as to Townsend, the executor, could be determined in the Probate Court, but, without some affirmative action on the part of plaintiff, the issue as to the liability of the defendants other than Townsend could not be adjudicated in the estate proceedings.

■ In urging the correctness of their motion to dismiss defendants rely upon the well known and generally accepted rule that the jurisdiction of a federal court does not extend to probate matters, nor to the administration of estates. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749, 751 (5th Cir. 1963). Defendants argue that plaintiff's recourse lies in the state proceedings in the Probate Court, and that this court does not have jurisdiction of her complaint.

Plaintiff argues, on the other hand, that the action sub judice does not interfere with or in any way apply to or affect the *res*, i. e., the assets of the estate being administered in the State Probate Court, but, rather, the action is one seeking only a personal judgment against the defendants. Since the action is one of a civil nature between parties of different states, and the amount in controversy exceeding the statutory jurisdictional sum, plaintiff contends that this court has jurisdiction and she has the right to select the forum within which to litigate the grievance, even though she might also proceed in the State forum. The argument of plaintiff

is buttressed by the rule enunciated in Markham v. Allen, supra, when the court said:

" . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. (Citations omitted).

Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, (Citations omitted), it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. . . . "[1]

Counsel have submitted excellent and exhaustive briefs which have been quite helpful to the court in reaching a decision on the question presented. The court has examined and carefully reviewed the numerous cases brought to the attention of the court.

The problem that exists here is one of deciding on which side of the line this case falls, that is, whether the action is one which affects the possession of property in custody of the State Court, upon which property this court must lay its hands in order to afford the relief sought, and, which in effect, will amount to an intrusion upon the administration of the estate in the State Court, or whether the action is one in personam for damages resulting from a breach of trust by the defendant executor, in

1. 66 S.Ct. 298, 90 L.Ed. 259, 260.

which the other defendants are said to have participated, and does not affect or disturb the administration of the property of the estate by the State Court. Markham v. Allen, *supra*; Akin v. Louisiana National Bank of Baton Rouge, *supra*.

■ The court is of the opinion and so holds, that where, as here, the legatee of an estate sues the executor in a personal action for monetary damages which he has suffered as the result of the executor's breach of duty due him, the controversy is far enough removed from direct interference with the administration proceedings of the estate itself so as to be within the court's power to adjudicate, Martz v. Braun, 266 F.Supp. 134 (E.D.Penn.1967); Hyde v. First and Merchants National Bank, 41 F.R.D. 527 (W.D. Virginia, 1967), and that this is especially true where, as here, third parties are involved in the action.

The administration proceedings in the State Court could not be affected by this action. The decree appointing Townsend as executor of Mrs. Anderson's estate, pursuant to a provision of the will requesting that such be done, relieved Townsend from the duty of entering into bond for the faithful discharge of his duties as executor, and from making or causing to be made an inventory or appraisement of the estate. To that extent, at least, the estate has been administered outside court. The will relieved him of the duty to account to any court, but the decree did not.

■ Under the circumstances surrounding the parties the court is of the opinion that this action is one within the jurisdiction of this court, and that any judgment which might be rendered herein will not interfere with the probate proceedings or affect any property under the control or in possession of the State Court.

The motion to dismiss will be overruled by an appropriate order to be entered by the court.