522 F.Supp. 1168 (1981)
Gloria M. BRYDEN, Plaintiff,
v.
Orin DAVIS, Defendant.
No. 81-379C(2).
United States District Court, E. D. Missouri, E. D.
September 30, 1981.
*1169 *1170 Jack J. Gilbert, Kirkwood, Mo., for plaintiff.
D. Jeff Lance, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction; or in the first alternative a motion requesting this Court to abstain from exercising its jurisdiction; or in the second alternative a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff brought this action pursuant to 28 U.S.C. § 1332. In her complaint plaintiff states that she is a citizen of the State of Illinois, defendant is a citizen of the State of Missouri, the amount in controversy exceeds $10,000.00 and therefore this Court has diversity jurisdiction. Plaintiff seeks equitable relief and punitive damages for her eight count complaint. The basis for this complaint is the allegation that prior to the death of plaintiff's mother on June 7, 1977, defendant unlawfully converted the assets of plaintiff's mother and the assets that plaintiff held jointly with her mother.[1] In addition, plaintiff asserts that defendant has failed to produce the real will and testament of the decedent. In response, defendant argues in his motion to dismiss that this Court lacks the requisite jurisdiction to determine the validity of these allegations, or in the alternative this Court should abstain from exercising its jurisdiction. Defendant finally asserts that plaintiff fails to state a cause of action in equity. Defendant argues that the Missouri Probate Court is the appropriate forum for the determination of plaintiff's claims.
When ruling upon a defendant's motion to dismiss a court must examine the evidence in a light most favorable to the plaintiff. Therefore, it will be assumed as true for purposes of ruling on this motion that defendant has converted assets of both the decedent and the plaintiff,[2] and has failed to account for the remaining funds of a trust set up by plaintiff in November of 1975 for the sole purpose of caring for the decedent when she was ill and incompetent. In addition, this Court will assume that as a result of defendant's acts of conversion and failure to produce the authentic will and testament of the decedent, there is no estate to distribute to plaintiff or the other heirs of the decedent. According to the complaint, plaintiff has not received any assets from the estate of her mother whatsoever. Twenty-two months after decedent's death a will was submitted for probate; however, there were never any testamentary letters or letters of administration filed.
On the basis of these allegations plaintiff in Counts I, II, V, and VIII of her complaint asks this Court to grant her equitable relief and punitive damages to compensate her for property jointly owned by plaintiff and her mother, and allegedly converted by defendant. In Count III plaintiff seeks an accounting and the imposition of a constructive trust on the unspent balance of funds remaining in a trust originally created by plaintiff for the sole purpose of supporting plaintiff's mother prior to her death. Finally, in Counts IV and VI plaintiff asks this Court to compel defendant to produce and file the last will and testament of the deceased so that her property may be distributed to her heirs, according to her wishes.
In response to plaintiff's allegations and request for relief, defendant first contends in his motion to dismiss that this Court lacks the requisite subject matter jurisdiction to determine the validity of this *1171 cause of action. It is clear that this Court has the necessary subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The grant of equity jurisdiction has always provided federal courts with the power to determine interests of parties in estates in a controversy between citizens of different states, if all the requirements of diversity are met. McClellan v. Carland, 217 U.S. 268, 281, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). Article III of the U.S. Constitution gives Congress the power to create and limit the jurisdiction of lower federal courts. State legislatures can not impose restraints on federal jurisdiction by creating probate courts and vesting them with jurisdiction over similar issues. Waterman v. Canaal-Louisiana Bank & Trust Company, 215 U.S. 33, 40, 30 S.Ct. 10, 11, 54 L.Ed. 80 (1909). Nor does the vesting of exclusive jurisdiction over probate matters in certain state courts "act as a restriction or abrogation of a federal court's diversity jurisdiction over such claims. The only requirements under 28 U.S.C. § 1332(a) are diversity of citizenship between plaintiff and defendant and an amount in controversy." Greyhound Lines, Inc. v. Lexington State Bank & Trust Co., 604 F.2d 1151, 1154 (8th Cir. 1979); Wright & Miller & Cooper, Federal Practice and Procedure § 3610 p. 677-78. The refusal of federal courts to hear certain probate matters is a judicially created exception to federal diversity jurisdiction, formulated for the purpose of avoiding interference with local probate proceedings or property already in the custody of a state court. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1945). This Court clearly has the requisite subject matter jurisdiction to hear this suit and therefore defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.
Defendant's second contention in his motion to dismiss is that this Court should abstain from exercising its jurisdiction over this particular cause of action. The doctrine of abstention gives a federal court the discretion to refuse to try a particular suit, if the exercise of its jurisdiction would either interfere with probate proceedings in a state court or would result in a federal court assuming control of property already in the custody of state court. Waterman v. Canaal-Louisiana Bank & Trust Company, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909); Bassler v. Arrowhead, 500 F.2d 138 (8th Cir.) cert. den., 414 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815 (1975); Lightfoot v. Hartman, 292 F.Supp. 356 (W.D.Mo. 1968); McElroy v. Security National Bank of K.C., Kansas, 215 F.Supp. 775 (D.C.Kan. 1963). It is evident from the precedent cited, that the doctrine of abstention does not apply unless the estate in question is still being administrated in a state court proceeding. Abstention is invoked by federal courts for reasons associated with comity. The purpose of the doctrine is to avoid interference with a state's administration of its own affairs. Bassler, supra. However, there is no state proceeding presently pending which is concerned with the administration of decedent's estate. A will was submitted for probate, but there were never any testamentary letters or letters of administration filed. As a result, the state probate court never had jurisdiction over the res. Black v. Stevens, 599 S.W.2d 54 (Mo.App.1980); Clapper v. Chandler, 406 S.W.2d 114 (Mo.App.1966). Therefore the doctrine of abstention does not apply in this instance; and defendant's request that this Court apply the doctrine of abstention to this particular suit is denied.
Defendant's final contention in his motion to dismiss is that plaintiff's complaint fails to state a claim upon which relief may be granted. Defendant asserts that plaintiff failed to allege the lack of an adequate remedy at law in her pleadings. Courts generally apply a more lenient standard when determining the validity of a pleading in equity, than they apply when judging a petition asking for legal relief. Dewey v. Jenkins, 567 S.W.2d 382 (Mo.App. 1978); Mathews v. Pratt, 367 S.W.2d 632 (Mo.1963). In addition, under the standard prescribed by Rule 8 of the Federal Rules of Civil Procedure plaintiff's petition states a cause of action. The argument asserted by defendant that plaintiff's complaint fails to state a claim upon which relief may be *1172 granted because plaintiff has an adequate remedy at law in the Missouri Probate Court is inapposite. This argument presents the issue of jurisdiction and not the issue of whether or not plaintiff's complaint asserts a viable claim. Once a federal court has the power to exercise its jurisdiction in law or equity, the existence of a legal claim in state court is irrelevant to the question of whether or not the complaint states a cause of action pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.
In addition defendant argues that Counts I, II, IV, V and VI are deficient in that they fail to establish that the property of the decedent allegedly converted by the defendant, was in the decedent's possession at the time of her death. In order to state a cause of action in conversion a party need assert only that a person is in possession of the personal property of another. Edlen v. Tweed, 295 S.W.2d 397 (Mo.App. 1964). The fact that plaintiff's interest in some of this property was at one time merely an expectancy does not foreclose her from bringing an action in conversion. Skidmore v. Back, 512 S.W.2d 223 (Mo.App. 1974). Finally Count VIII of plaintiff's complaint does state a cause of action for punitive damages under the standard enunciated in Pollock v. Brown, 569 S.W.2d 724 (Mo.1978).
Even though this Court has the requisite subject matter jurisdiction to hear this cause of action, federal courts have refused consistently to probate a will or administer an estate. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1945); Rice v. Rice, 610 F.2d 471, 472 (7th Cir. 1979); McElroy v. Security National Bank of K.C., Kansas, 215 F.Supp. 775 (D.C.Kan.1963). However, even in the face of pending state court proceedings federal courts have been willing to reconcile disputes that are either collateral to the administration of an estate or can be characterized as a personal action for damages between different parties. Greyhound Lines, Inc. v. Lexington State Bank & Trust Co., supra; Bugbee v. Donahoe, 483 F.Supp. 1328 (E.D.Wis.1980); Tarlton v. Townsend, 337 F.Supp. 888 (N.D. Miss.1971); McElroy v. Security National Bank of K.C., Kansas, supra.
Accordingly, Counts IV and VI of plaintiff's complaint are dismissed as they request the production of decedent's will and the distribution of funds according to that will. These matters clearly come within the judicial exception to diversity jurisdiction. Defendant's motion to dismiss the remainder of plaintiff's complaint is denied because the remaining counts may be characterized as in personam actions against the defendant. Finally, plaintiff's request to amend Count III of her complaint is granted.
NOTES
[1] The decedent, Edith Davis, was the mother of the plaintiff and the wife of the defendant.
[2] According to plaintiff's complaint, the decedent made a written inventory of her assets on September 1, 1970, in which she listed property that she jointly owned with plaintiff. The list included $18,000.00 face value U.S. Treasury Notes and several shares of Affiliated Fund, Inc. Plaintiff alleges that defendant has failed to account for these funds or file an inventory of Edith Davis' estate.