# HARTFORD LIFE INSURANCE COMPANY *v.* JOHNSON.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 291.   Submitted March 26, 1919.—Decided April 14, 1919.

Under Jud. Code, § 237, as amended by the Act of September 6, 1916, this court cannot consider a claim of federal right which was not made in the state court at the proper time and in the proper manner under the state system of pleading and practice and which, without evasion or for the purpose of defeating the claim, was denied consideration on that ground.   P. 493.

The Supreme Court of Missouri, following its established practice, refused to consider a sister state judgment which was rendered six months after the judgment of the Missouri trial court, and was not set up in any pleading or introduced in evidence, but was brought to the notice of the appellate courts only in argument and as an exhibit to a brief.   *Held,* that full faith and credit was not denied.   *Id.* ·

Whether a charter granted to an insurance company by a resolution of a state legislature is a public act or record within the meaning of the "full faith and credit clause"—not decided.   P. 494.

The exercise of their independent judgment by the courts of one State in construing a charter granted by the legislature of another can raise no federal question, if no statute or decision of the other State, construing the charter, was pleaded or put in evidence.   *Id.*

Writ of certiorari to review 271 Missouri, 562, dismissed.

THE case is stated in the opinion.

*Mr. James C. Jones, Mr. Geo. F. Haid* and *Mr. James C. Jones, Jr.,* for petitioner, in support of the contention that the Connecticut judgment was before the court below, relied on *Jenkins* v. *International Bank,* 127 U. S. 484, 488, insisting that the only difference between that case and this was that in that one the judgment in the second action was brought forward while the trial court

still retained jurisdiction of the original action, whereas in the case at bar the decree was brought forward for the first time in the Kansas City Court of Appeals because the trial court had, by the appeal to that court, lost all jurisdiction of the action.   This decree being entitled, under the Constitution, to full faith and credit, it would seem, on principle, that it should be accorded the same full faith and credit in the Kansas City Court of Appeals and in the Supreme Court of Missouri, even though the cause was then pending on appeal, as it would have been entitled in the trial court had it been rendered and introduced in evidence at the time the trial was had.

*Mr. Matthew A. Fyke* for respondent.   *Mr. Peyton A. Parks* was on the brief.

Mr. Justice Clarke delivered the opinion of the court.

This is a suit, on a life insurance policy or certificate, in which judgment was rendered against the company, petitioner, successively, by three courts of the State of Missouri.   The case is in this court on writ of certiorari granted on the asserted ground that the State Supreme Court failed and refused to give full faith and credit to the judgment and decree of a superior court of the State of Connecticut, and also to the petitioner's charter, "a public record and act of the State of Connecticut," in violation of the rights secured to it by Article IV, § 1, of the Constitution of the United States.

Respondent moves to dismiss the writ for want of jurisdiction.

The decree of the superior court of Connecticut, to which it is claimed full faith and credit was denied, was rendered in the case of *Charles H. Dresser et al.* v. *The Hartford Life Insurance Company*, of Hartford, Connecticut,—the petitioner.   The character of this decree and

the effect which must be given to it when properly pleaded and introduced in evidence in courts of other States are both sufficiently stated in *Hartford Life Insurance Co.* v. *Ibs*, 237 U. S. 662, and in *Hartford Life Insurance Co.* v. *Barber*, 245 U. S. 146.

The respondent, on this motion to dismiss, does not seek to have the decisions in the cases cited modified, but asserts that the claim of right now made was not so "set up or claimed" in the state courts that full faith and credit could be or was denied to the Dresser decree.

The judgment in this case in the trial court was rendered against the petitioner in September, 1909, and the decree in the *Dresser Case* was not rendered until six months later, in March, 1910. The latter decree was not set up in any pleading and was not introduced in evidence in this case. The only way in which it came to the notice of the Missouri courts was in argument and as an exhibit to a brief filed in the appellate courts and the Supreme Court of Missouri dealt with it in this single paragraph:

"The case at bar was tried below on May 12, 1909, which was prior in time to the entering of the decree in the *Dresser Case*, and the record in the *Dresser Case* was therefore not offered or presented in the trial of this case. Since the record of the *Dresser Case* is in no manner properly raised or lodged in this case, we do not deem it to be within the scope of our review and likewise the Federal question based thereon. Under such circumstances the rule announced by the Supreme Court of the United States in *Hartford Life Insurance Co.* v. *Ibs, supra* [237 U. S. 662], should not be applied to this case."

The jurisdiction of this court to review the final judgment or decree of the highest court of a State, in such a case as we have here, is defined in § 237 of the Judicial Code, as amended September 6, 1916, c. 448, 39 Stat. 726, which provides that it shall be competent for this court, by certiorari to require any such cause to be certified to

it for review when there is claimed in it any title, right, privilege or immunity under the Constitution of the United States and "the decision is either in favor of or against the title, right, privilege, or immunity especially set up or claimed, by either party, under such Constitution." It is the settled law that this provision means "that the claim must be asserted at the proper time and in the proper manner by pleading, motion or other appropriate action under the state system of pleading and practice, . . . and upon the question whether or not such a claim has been so asserted the decision of the state court is binding upon this court, when it is clear, as it is in this case, that such decision is not rendered in a spirit of evasion for the purpose of defeating the claim of federal right." *Atlantic Coast Line R. R. Co.* v. *Mims,* 242 U. S. 532, 535; *Gasquet* v. *Lapeyre,* 242 U. S. 367, 371, and cases cited.

No suggestion is, or could be made, that the Missouri State Supreme Court's holding in this case was framed to evade the consideration of the federal right now asserted, for it had long been the established law of that State that under its system of practice the construction of either the federal or state constitution would not be treated as involved in a case, in a jurisdictional sense, unless it appeared that such question was raised and ruled on in the trial court, and also that constitutional questions could not be injected into a case for the first time in an appellate court by argument or brief of counsel for the purpose of giving jurisdiction. *Miller* v. *Connor,* 250 Missouri, 677, 684. It has further been uniformly held by that court since 1836 that it will not take judicial notice of the laws of other States, but that they must be proved, as other facts, by evidence introduced at the trial. *Southern Illinois & Missouri Bridge Co.* v. *Stone,* 174 Missouri, 1, 33.

On the authorities thus cited we are obliged to conclude

that the question as to the faith and credit which should
be given to the Dresser decree was not so presented to or
ruled upon by the Supreme Court of Missouri as to present
a federal question for review by this court.

But, as if anticipating the result we have just reached,
the petitioner contends that full faith and credit were
denied to its charter, "a public record and act of the
State of Connecticut," which was introduced in evidence,
for the reason that the Supreme Court of Missouri, inter-
preting that charter, erroneously approved the charge
to the jury by the trial court "that it devolved upon the
defendant to prove that the assessment," the non-payment
of which was relied upon as forfeiting the policy sued
upon, was made by the directors of the defendant. The
petitioner introduced evidence tending to prove that the
assessment under discussion was made, not by formal
action of the board of directors, but by executive offi-
cers of the company, "the president and secretary  .   .   .
or the vice president and secretary, or possibly the vice
president and assistant secretary," and it contended that
this was sufficient in law because it had long been the
practice of the company and was recognized by the di-
rectors as action taken in their behalf under authority
delegated by them.

Even if this charter, which was granted by a resolution
of the Assembly of Connecticut, be regarded as a public
act or record of that State within the scope of the con-
stitutional provision, Article IV, § 1 (which is not decided),
nevertheless, since no statute of Connecticut or decision
of any court of that State was pleaded or introduced in
evidence in this case, giving a construction to the provi-
sion of the charter which the Missouri courts, treating as
valid. interpreted, the exercise by those courts of an inde-
pendent judgment in placing a construction upon it can-
not present a federal question under the full faith and
credit clause of the Constitution. *Louisville & Nashville*

*R. R. Co.* v. *Melton,* 218 U. S. 36, 50, and *Western Life Indemnity Co.* v. *Rupp,* 235 U. S. 261, 273, 275.

It is asserted that the record presents other constitutional questions which give this court jurisdiction to review the case, but an examination shows the claims to be too unsubstantial to merit discussion and the writ must be

*Dismissed.*