GARLAND S. JOHNSON, Administrator of the Estate of NANNIE M. JOHNSON, Deceased, v. THE AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

Division One, March 14, 1922.

1. **CONFLICT OF JURISDICTION:** State and Federal Courts: Staying Proceedings. It was not error for a State circuit court to refuse to stay proceedings in a suit therein pending on an appeal bond, given by the defendant as surety in a suit against the principal in such bond, wherein the judgment against such principal had been affirmed by the court of last resort, until the determination of a suit in a Federal district court, brought by the principal in such bond against the plaintiff in the suit on the appeal bond, to enjoin the enforcement of the judgment in the suit wherein the appeal bond was given, in which injunction suit the district court had refused a temporary injunction and its order had been affirmed by the Federal Court of Appeals.

2. **APPEAL BOND:** Supersedeas: Suit on: Continuation of Original Suit. A suit on an appeal bond, given to stay the execution of a money judgment, is in lieu of the writ of execution that would otherwise have issued and must, for such purpose, be regarded as a part of the original proceeding in which the judgment was rendered.

3. **VEXATIOUS APPEAL:** Ten Per Cent. Damages. Finding that the appeal in this case was taken solely for delay, and therefore vexatious, regardless of the motive for taking it, on affirmance of the judgment the Supreme Court awarded ten per cent damages.

Appeal from Henry Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED (*with ten per cent damages*).

*Owen & Son* and *Jones, Hocker, Sullivan & Angert* for appellant.

Where an action is instituted in the Federal court, a subsequent action in the State court involving the same subject-matter will be stayed pending the final determination of the prior action in the Federal court. State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Barnett, 245 Mo. 99; Sharkey v. Kiernan, 97 Mo. 102; Brown v. Simpson, 201 S. W. 898; State ex rel. v. McQuillan, 246 Mo. 539; Oakland v. Ry. Co., 121 Wis. 646; Avocato v. Dell 'Ara, 84 S. W. 444; Land Co. v. Miller, 218 U. S. 258; Huntington v. Laidley, 176 U. S. 668; Parks v. Wilcox, 6 Colo. 489; Young v. Hamilton, 135 Ga. 339; Mail v. Maxwell, 107 Ill. 554; Beach v. Wakefield, 107 Iowa, 567; Dist. v. Ry. Co., 99 Kan. 188; Savings Bank v. Alden, 103 Me. 230; Ry. Comm. v. Ry. Co., 182 Mich. 234; Pulver v. Security Co., 135 Minn. 286; State v. Ry. Co., 159 N. W. 410; Patent Co. v. Bermain, 137 App. Div. 297.

*M. A. Fyke* and *Parks & Son* for respondent.

(1)   The appellant has had its day in court and is bound by the terms of its contract to pay if that judgment was affirmed and by the affirmance in the case of Johnson v. Ins. Co., 271 Mo. 562. Peters v. Surety Co., 273 Mo. 318; Hamilton v. Walsh, 23 Fed. 420; Leathe v. Thomas, 97 Fed. 139. (a) The appeal bond in this case, affords the means by which satisfaction of the judgment may be had. Suit on the bond is but a part or continuation of the proceedings in the original case. Accident Assn. v. Phelps, 190 U. S. 147. (b) Surety on appeal bond cannot go behind the judgment of the circuit court

when affirmed. He cannot in an action on the appeal bond question the judgment in the original suit except for fraud or collusion. Butler v. Wadley, 15 Ind. 502; Supreme Council, etc. v. Boye, 44 N. E. 56; Piercy v. Piercy, 36 N. C. 214; Wacy v. Maloney, 105 Mass. 90; Krale v. Liberty, 53 Wis. 292; Seymour v. Smith, 114 N. Y. 481; Keithsburg v. Ry. Co., 90 Ill. 255; Penn to use v. F. & D. Co., 180 Fed. 292; Morris v. Howell, 35 Mo. 467. (c) Sureties when sued on appeal bond cannot show want of jurisdiction. Hathaway v. Davis, 33 Cal. 161. (3) The conduct of principal in original suit bars all defense. (4) No amended bill was filed, exhibited or offered in evidence. (5) The original bill stated no equity. The petition in the suit to enjoin the collection of the Johnson judgment in the United States District Court, states fully all possible facts and that bill was held to be bad and to state no facts entitling the Insurance Co. to relief. (a) Under the facts in the case, and under the allegation of complainant's bill of complaint, the United States Court will not assume jurisdiction to vacate, modify or enjoin the judgment of the circuit court. Section 265, Fed. Stat. Ann; Riggs v. Johnson, 6 Wall. 195; Leath v. Thomas, 97 Fed. 136; Dial v. Reynolds, 96 U. S. 340; Sargent v. Helton, 115 U. S. 348; Hutchinson v. Green, 6 Fed. 838; Rensalier v. Green, 6 Fed. 617; Wagner v. Drake, 31 Fed. 850; Teft v. Stemberg, 40 Fed. 2; Maloney v. Mass. Assn., 53 Fed. 209. (b) Jurisdiction of a court over a cause does not terminate with a judgment, but continues until its satisfaction. Wayman v. Southard, 23 U. S. 22; Ex parte v. Flippan, 94 U. S. 350; Conell v. Hayman, 111 U. S. 183; Railroad v. Gomilla, 132 U. S. 482; Natl. Bank v. Stensus, 169 U. S. 464; Rogers v. Cleveland, 132 Mo. 442. (c) If the State court had jurisdiction of the subject-matter and of the person, the Federal court will not assume jurisdiction in the absence of fraud in procuring the judgment. No fraud is alleged in the bill, and it cannot be claimed or pretended that any fraud was practiced. That the court had jurisdiction of the person in the original case, is of course without question. The

appellant in that case was served with process and duly entered its appearance, and defended. The court had jurisdiction of the subject-matter. The action is based on a policy of insurance which defendant by its answer expressly admitted it issued. That such an action may be maintained against the appellant in Missouri is demonstrated by numerous reported cases. Sauerrun v. Hartford Life Ins. Co., 115 N. E. 1004; Clark v. Mutual Life Assn., 43 L. R. A. 390. (d) The only ground upon which appellant based its right to relief is because it was unable to avail itself of the judgment of the Connecticut court as a defense. That suit had been brought and was pending before suit was brought on the policy. If Mr. or Mrs. Johnson were parties to that suit and if it involved the same issues involved in the suit on the policy, the appellant knew of course that that action was pending and it might have set up the pendency of that suit in bar or abatement of the suit on the policy. At all events, upon a proper showing by appellant in the State court, that court, if the facts warranted it, would have stayed the action on the policy until the suit in Connecticut was disposed of. (6) The appeal in this case is frivolous, vexatious and for delay. Under Section 1515, R. S. 1919, we think the court should award damages against appellant.

RAGLAND, C.—This is an action on an appeal bond to recover against the defendant as surety thereunder the amount of a judgment rendered in favor of one Nannie M. Johnson and against the Hartford Life Insurance Company in the Circuit Court of Henry County. With respect to the facts leading up to the controversy in this case, we adopt with some slight modification appellant's statement.

In 1907 one Nannie M. Johnson instituted an action in the Circuit Court of Henry County, Missouri, against the Hartford Life Insurance Company to recover the sum of five thousand dollars, under and on account of a certificate of membership or policy of insurance issued to and upon the life of her husband, James

Statement.

T. Johnson. The trial court rendered judgment against the Hartford Life Insurance Company in that action on May 12, 1909, and the company appealed. The bond in suit was given to supersede that judgment. The appeal first went to the Kansas City Court of Appeals, but was subsequently transferred to this court when one of the judges dissented and held that the opinion rendered by the majority of that court was contrary to a prior decision of one of the other courts of appeals. [Johnson v. Hartford Life Ins. Co., 166 Mo. App. 261.] Pending the appeal in this court the plaintiff Nannie M. Johnson died and the cause was revived in the name of the plaintiff administrator. Thereafter the judgment of the trial court was affirmed by this court. [Johnson v. Hartford Life Ins. Co., 271 Mo. 562.] The Hartford Life Insurance Company was thereafter allowed a writ of *certiorari* to the Supreme Court of the United States, but on final hearing that court dismissed the writ on the ground that no constitutional question was involved. [Hartford Life Ins. Co. v. Johnson, 249 U. S. 490.] On June 18, 1919, the Hartford Life Insurance Company filed suit in the District Court of the United States for the Western Division of the Western Judicial District of Missouri, against Garland S. Johnson, as administrator, to enjoin him from enforcing the judgment rendered by the Circuit Court of Henry County, Missouri, in the action of Nannie M. Johnson v. Hartford Life Insurance Company, as aforesaid, and to enjoin the plaintiff from prosecuting or maintaining any action upon that judgment or on the appeal bond given to supersede that judgment. The grounds asserted in the bill for enjoining the plaintiff administrator from enforcing that judgment were in brief these:

That in the suit of Nannie M. Johnson against the Hartford Life Insurance Company, the company defended on the grounds that the insured had failed to pay a certain assessment designated as "quarterly call No. 95" and that by reason of such failure the policy sued on had lapsed; that the court held, or permitted the jury

to find, that the assessment was invalid, wherefore its nonpayment did not constitute a forfeiture under the policy; that plaintiff was enabled to obtain the judgment solely by reason of such holding; that prior to the trial and the obtention of the judgment in the case of Nannie M. Johnson against the Hartford Life Insurance Company, and on October 19, 1906, a suit was begun in the Superior Court of New Haven County, in the State of Connecticut, against the Company by Charles H. Dresser and others of its policy holders, to which the insured Johnson, was a party by representation; that on March 23, 1910, a decree was rendered therein, in which it was adjudicated that said quarterly call No. 95, had been made in accordance with the company's charter powers and was valid; that said decree would have been an absolute bar to a recovery by Nannie M. Johnson in her action against the company; and that, as it was not at the time of the trial of said cause available to the company as a defense, it would be inequitable and against good conscience to permit the enforcement of the judgment obtained therein.

It was further alleged in the bill that, in view of the holding in the Dresser Case, the proceeding in the Circuit Court of Henry County in the case of Nannie M. Johnson was to enforce a trust which was territorially beyond its jurisdiction, and the said judgment was therefore void for lack of jurisdiction of the subject-matter.

Upon the filing of the suit instituted in the Federal Court, as aforesaid, the Hartford Life Insurance Company made application for a temporary injunction enjoining the plaintiff administrator from enforcing said judgment pending the final hearing of the cause. The District Court refused to grant this temporary injunction and from that order and judgment denying its application for a temporary injunction the Hartford Life Insurance Company appealed to the Federal Court of Appeals for the Eighth Circuit. In the meantime, and on June 30, 1919, the present action was begun in the Circuit Court of Henry County, Missouri. Shortly after the institution of the present action, the Federal Court of Appeals, at the

instance of the Hartford Life Insurance Company, made
an order enjoining the plaintiff administrator from pro-
ceeding further with the present action pending the ap-
peal of the Hartford Life Insurance Company from the
order of the District Court denying its motion for a
temporary injunction. Thereafter the Federal Court of
Appeals affirmed the order of the trial court denying the
preliminary injunction. [Hartford Life Ins. Co. v. John-
son, 268 Fed. 30.] Upon this affirmance the suit in the
Federal Court stood for hearing on the bill filed therein.
Such was the status of the suit in the Federal Court
when the present action came on for hearing. Since that
time the Federal Court has sustained a demurrer to, and
dismissed the bill of the Hartford Life Insurance Com-
pany, from which judgment and order the Hartford Life
Insurance Company appealed to the Federal Supreme
Court and that appeal is now pending in that court. .

The case at bar coming on for hearing the defendant
filed a motion in the trial court to stay this action pend-
ing the final determination of the suit instituted by the
Hartford Life Insurance Company in the Federal Court
to enjoin the plaintiff administrator from enforcing the
judgment which is the basis of this action. This motion
was overruled by the trial court, whereupon the defendant
filed an answer alleging the pendency of the suit in the
Federal Court to enjoin the plaintiff administrator from
enforcing the judgment in question and praying that this
action be stayed pending the final determination of that
suit. This the trial court refused to do, and at the close
of the case directed a judgment in plaintiff's favor for
the sum of $9,334, the amount of the judgment, with in-
terest, rendered by the Circuit Court of Henry County,
Missouri, in said action of Nannie M. Johnson v. Hartford
Life Insurance Company. The defendant having unsuc-
cessfully moved for a new trial and upon the observance
of all due formalities, appealed.

The sole question for determination on this appeal is
whether or not the trial court erred in refusing to stay
the proceeding pending the final determination of the

suit instituted in the District Court of the United States to enjoin the plaintiff from enforcing the judgment which is the basis of this action.

The only proposition upon which appellant relies for a reversal and the only one which it briefs, it states as follows: "Where an action is instituted in the Federal Court, a subsequent action in the State Court involving the same subject-matter will be stayed pending the final determination of the prior action in the Federal Court." The soundness of this proposition, abstractly considered, cannot be questioned. It results from the principle of comity which obtains between courts of concurrent jurisdiction, a principle which requires that a subject-matter drawn and remaining within the cognizance of a court of general jurisdiction shall not be drawn into controversy or litigated in another court of concurrent jurisdiction. But unfortunately for appellant, the rule of comity, if applicable on the facts of this controversy, instead of supporting appellant's contention, militates against it. The present suit while in form an independent action is in reality but a supplemental proceeding in the case of Nannie M. Johnson against the Hartford Life Insurance Company. It has for its purpose the enforcing, or perhaps more properly speaking, the securing of the fruits, of the judgment in that case and is the appropriate process for that purpose. The appeal bond was given to stay the execution of that judgment and the action on the bond now is in lieu of the writ of execution that would have otherwise issued then, and must for such purpose be regarded as a part of the original proceeding in which the judgment was rendered. [Mutual Reserve Assn. v. Phelps, 190 U. S. 147; Hamilton v. Walsh, 23 Fed. 420; Leathe v. Thomas, 97 Fed. 136.] It follows, therefore, that if the rule of comity alone was the controlling factor, it would prohibit the District Court of the United States in the case of the Hartford Life Insurance Company against Garland S. Johnson, administrator of Nannie M. Johnson, deceased,

*Marginal note: Conflict of Jurisdiction: Comity: Staying Proceedings.*

from interfering by injunction or otherwise with the prior proceeding instituted in the Circuit Court of Henry County, including the enforcement of the judgment rendered therein. [Moran v. Sturges, 154 U. S. 268.]

When the judgment in the case of Nannie M. Johnson against the Hartford Life Insurance Company was affirmed in the appellate court, the covenant of appellant to pay the judgment became absolute. By its answer it confessed that it was wholly without a defense to this action. It merely asserted that its principal was seeking equitable relief from the judgment in another forum and prayed the court to stay plaintiff's hand while such relief was being sought. Upon what principle of law or equity could the trial court in this case have denied the plaintiff the right to proceed with the collection of his judgment? The only court that would have been authorized to so interfere would have been a court of chancery wherein a bill had been filed setting up grounds sufficient in equity to relieve appellant's principal from the payment of the judgment. For that reason, doubtlessly, the Hartford Life Insurance Company applied by bill to the Federal District Court for such relief. For some reason, possibly because the bill on its face did not show any equity, the relief was denied. Such denial, however, did not invest the trial court in this case with a prerogative that can be exercised only by a court whose chancery jurisdiction is properly invoked.

The appeal in this case is so devoid of merit as to make the conclusion inevitable that it was taken merely for delay. Whether appellant sought the delay in a spirit of vexation or whether it in good faith believed that if the payment of the judgment could be further staved off, it might escape its consequences altogether through a happier turn in its litigation in the Federal Courts, which up that time had been an unbroken series of reverses, is not material. Appeals are allowed in actions at law for the purpose of reviewing such of the rulings of the trial court as involve questions that are at least fairly debatable. When taken

**Vexatious Appeal: Damages.**

solely for delay, regardless of the motive, they are vexatious. The judgment is affirmed with ten per cent damages. *Small, C.,* concurs; *Brown, C.,* absent.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.