No. 43,872

THE FARMERS UNION COOPERATIVE ELEVATOR AND SHIPPING ASSO-
CIATION, Kirwin, Kansas, *Appellee,* v. GRAIN DEALERS MUTUAL IN-
SURANCE COMPANY, Indianapolis, Indiana, *Appellant.*

(398 P. 2d 571)

Opinion filed
January 23, 1965.

*J. L. Weigand, Jr.,* of Wichita, argued the cause, and *Lawrence Weigand,
Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman,
J. Ruse McCarthy, Donald A. Bell, Spencer L. Depew, Paul M. Buchanan* and
*Charles R. Moberly,* all of Wichita, were with him on the briefs for the ap-
pellant.

*Keith G. Sebelius,* of Norton, argued the cause, and *William H. Stowell* and
*Doris Dixon Stowell,* both of Phillipsburg, were with him on the briefs for the
appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order denying defendant's
motion to dismiss an action, or in the alternative to stay its prosecu-
tion, because of a prior pending action in the United States District
Court for the District of Kansas, involving the same parties and the
same controversy.

The procedural facts may be briefly stated.

On or about February 6, 1959, the defendant, Grain Dealers
Mutual Insurance Company of Indianapolis, Indiana, issued its five-
year policy of insurance to the plaintiff, The Farmers Union Co-
operative Elevator and Shipping Association, Kirwin, Kansas, in-
suring it against loss or damage to its elevator caused, among other
things, by an explosion. An explosion was defined in the policy as
the rapid combustion of a volatile or combustible substance.

On August 15, 1962, the plaintiff sustained a loss by virtue of the
rupture of one of its elevator bins. Thereafter, on or about June 3,

1963, plaintiff filed an action in the district court of Phillips County, Kansas, against the insurance company in the sum of $10,500 alleging the rupture of its elevator was caused by an explosion. Whereupon defendant took appropriate and timely steps and secured the removal of the action to the United States District Court for the District of Kansas. After removal the action was dismissed by the plaintiff without prejudice pursuant to Rule 41 (a) (1) of the Federal Rules of Civil Procedure.

The defendant then filed a declaratory judgment action in the United States District Court for the District of Kansas on July 2, 1963, seeking a determination that it was not liable under its policy of insurance to the plaintiff for the events occurring on August 15, 1962. On July 5, 1963, plaintiff refiled its action against defendant in the district court of Phillips County, Kansas in the sum of $9,500. After the declaratory judgment action was commenced in the United States District Court for the District of Kansas the plaintiff filed its motion to dismiss the action on the ground, among others, that it had commenced the state court action to determine the same controversy between the same parties. In overruling the motion to dismiss the federal court action on September 11, 1963, the United States District Court found "the ends of justice would be better served in this Court."

Defendant filed its motion in the state court to dismiss plaintiff's action on the grounds of the prior pending action in the federal court involving the same parties and the same controversy. On September 16, 1963, the state court overruled defendant's motion.

Defendant then filed a renewal of its motion to dismiss because of the prior pending action or, in the alternative, requested a stay of prosecution of the action. On October 23, 1963, the defendant's renewed motion was denied. The court then gave the defendant 10 days in which to file its answer or file a notice of appeal. In case of appeal the proceedings were to be stayed. The defendant has appealed.

The appellant asks the question, "does a motion to dismiss lie where a prior pending action between the same parties all in the same cause is pending in the United States District Court for the District of Kansas, . . .?"

The answer is that a motion to dismiss under such circumstances does not lie as a matter of right. The federal and state courts that have concurrent jurisdiction over civil actions are to be considered

as courts of separate jurisdictional sovereignties and the pendency of a personal action in either a state or federal court does not entitle the defendant to abatement of a like action in the other. This rule has been well settled. It is announced in 1 C. J. S., Abatement and Revival, § 67 a, p. 101:

"As a general rule, the pendency in a federal court of a personal or transitory action, although between the same parties and for the same cause of action or relief, is not ground for abating a subsequent action in a state court, and, conversely, the pendency of such an action in a state court cannot be pleaded in abatement of a subsequent similar action in a federal court; for the reason that each court derives its authority from a separate and distinct sovereignty. . . ."

Again under the same section at page 103 we find the additional statement:

"Even though both courts have the same territorial jurisdiction, that is they both sit in the same state, and the state court is within the district covered by the jurisdiction of the federal court, by the weight of authority, they belong to foreign jurisdictions in that each derives its authority from a different sovereignty, and the pendency of a prior action, between the same parties for the same cause of action, in either the state or federal court cannot be pleaded in abatement of a subsequent action in the other. . . ." (See, also, 1 Am. Jur. 2d, Abatement, Survival, and Revival, § 18, p. 58.)

Where the judgment sought in a federal and in a state court of concurrent jurisdiction is strictly *in personam* for the recovery of money both courts may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res judicata* in the other. (*Mandeville v. Canterbury*, 318 U. S. 47, 87 L. ed. 605, 63 S. Ct. 472.) The recent case of *Allegheny County v. Mashuda Co.*, 360 U. S. 185, 3 L. ed. 2d 1163, 79 S. Ct. 1060 fully disposed of the question beginning on page 197 of the opinion as follows:

". . . But it has been firmly established under the language of § 2283, which has, in substance, been in force since first enacted in § 5 of the Act of March 2, 1793, that a federal suit is not barred merely because a holding in the case might be *res judicata* on the same parties litigating the same issue in a state court and thereby moot the state proceeding. *Kline v. Burke Construction Co.*, 260 U. S. 226, settled the governing principle. In that case diversity jurisdiction had been invoked to adjudicate an alleged breach of contract. The defendant in the federal court proceeding had initiated a suit in a state court to adjudicate the same issue. The Court of Appeals ruled that the Federal District Court should have issued a requested injunction to stay the state court proceedings. This Court held that a statute similar to present § 2283 barred the injunction, but that the District Court could adjudicate the breach of contract issue even though its holding would be

decisive of the state case. The Court stated that "the rule . . . has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." 260 U. S. at 230. Congress in enacting § 2283 expressed no intention to modify this firmly established principle. Thus there is no reason to expand the plain wording of § 2283 which bars only *injunctions* designed to stay state court proceedings. The respondents' suit in the District Court was for a judgment of ouster. They abandoned the claim for an injunction against the state court and against the County. It follows that § 2283 would not bar the relief requested in the District Court."

We agree with the appellant that the recognition of the rule of comity between courts of concurrent jurisdiction is most beneficial. The rule rests upon the principle of wisdom and justice, to prevent vexation, oppression and harassment, and eliminate unecessary litigation and multiplicity of suits. A state court should exercise its discretion with care in refusing to stay the prosecution of an action where a prior action has been filed in the federal district court between the same parties, involving the same issues, and capable of authorizing the same relief. However, a consideration of the facts in this case discloses no abuse of discretion.

The defendant states in its brief that being advised of the intention of the plaintiff to prosecute its alleged claim under the policy in the state court, the defendant filed a declaratory judgment action in the federal district court. It might be suggested that the defendant knew that if the plaintiff filed an action in the state court for a sum in excess of $10,000 that it could remove the case to the federal court and but one case would be pending. It might also be suggested that the defendant knew that if the plaintiff filed suit against it in the state court for a sum less than $10,000 that the plaintiff would be bound by the amount of damages alleged and the federal court would be without jurisdiction.

The defendant by its action is seeking a declaratory judgment in the federal court on the question of whether or not it was liable to the plaintiff under its insurance policy. This presented purely a question of fact, *i. e.*, what caused the bin to rupture? Once this question was determined there would still be left for determination the additional factual question of the amount of damages if the defendant were found to be liable under the policy. This court has long adhered to the rule that the purpose of the declaratory judgment act is to adjudicate questions of law and not questions of fact. A declaratory judgment action cannot be prosecuted in this state

where the object of the proceedings is to try a question of fact as a determining issue. The question was fully covered in the recent case of *Alliance Mutual Casualty Co. v. Bailey,* 191 Kan. 192, 380 P. 2d 413, where it is stated beginning at page 200 of the opinion:

". . . A proceeding for a declaratory judgment cannot be used where the object of the proceeding is to try issues of fact as the determinative issue. A declaratory judgment proceeding may be maintained although such proceeding involves the determination of questions of fact. This is anticipated by the declaratory judgment act. (G. S. 1949, 60-3130.) However, the questions of fact must be incidental to the determination of the main issue and not the main issue in the case. As the issues developed in this action, the factual questions of constructive fraud and mutual mistake where the determinative issues presented. These issues presented questions of fact which were seriously disputed.

"The last rule stated appears to be one of very general application. In the case of *Ennis v. Casey,* 72 Idaho 181, 238 P. 2d 435, 28 A. L. R. 2d 952, we find the following statement:

" 'While it has been held that a declaratory judgment proceedings may be maintained, although such proceedings involve the determination of a disputed question of fact, *Hamilton Corporation v. Corum,* 218 Cal. 92, 21 P. 2d 413; Sec. 10-1209, I. C., it cannot be used where the object of the proceedings is to try such fact as a determinative issue, 1 C. J. S., Actions, p. 1031, § 18, and a declaratory judgment should be refused where the questions presented should be the subject of judicial investigation in a regular action. *Heller v. Chapiro,* 208 Wis. 310, 242 N. W. 174, 87 A. L. R. 1201; *Oldham County ex rel. Woodridge v. Arvin,* 244 Ky. 551, 51 S. W. 2d 657.' (p. 185.)

"The primary purpose of the declaratory judgment act is to adjudicate questions of law not questions of fact."

A district court of this state should be slow in denying its jurisdiction to a citizen of this state in order to permit a prosecution under a procedure which has been repudiated by this court.

Neither do we find anything in the record to refute the trial court's conclusion that the matter could be tried more expeditiously in the state court. We are, therefore, forced to conclude that the trial court did not abuse its discretion in refusing to enjoin the prosecution of the action in the district court of the state.

The judgment is affirmed.

APPROVED BY THE COURT.