No. 45,612

W. F. Henry, Administrator of the Estates of Paul E. Findley and Lenna A. Findley, Decedents, Kiowa, Kansas, *Plaintiff*, v. Charles H. Stewart, Judge 24th Judicial District, *Defendant*.

(454 P. 2d 7)

Opinion filed April 28, 1969.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *Lee Turner* and *Max E. Eberhart,* of Great Bend, were with him on the brief for the plaintiff.

*John C. Frank,* of Wichita, argued the cause, and *Eugene B. Ralston,* of Wichita, was with him on the brief for the defendant.

The opinion of the court was delivered by

O'Connor, J.: This is an original proceeding in mandamus wherein the plaintiff seeks to have set aside the district judge's order staying further proceedings in a personal injury and wrongful death action that was transferred to his court from the probate court of Barber county. The issue to be determined is the propriety of the stay order in light of a separate action, involving the same unliquidated claims, pending against the plaintiff in the United States District Court for the District of Kansas.

The claimant in both actions is Gerald L. Frase, administrator of

the estates of Lacey E. Teer and Julia M. Teer, decedents, but he is not a party to this mandamus proceeding.

Plaintiff W. F. Henry is administrator of the estates of Paul L. Findley and Lenna A. Findley, residents of Barber county who were killed in an automobile collision occurring in Phillips county on September 4, 1967. Also alleged to have suffered injuries and died as a result of the accident were the Teers, who were residents of Colorado. On June 18, 1968, Frase, as administrator of the Teers' estates, filed a wrongul death and survival action in federal district court against plaintiff in his capacity as administrator of the Findleys' estates. On June 24, Frase also filed a petition in the probate court of Barber county for allowance of demand, involving the same identical issues, against the estates of the Findleys. After plaintiff filed written defenses to the petition, the matter was transferred upon his request to the district court, pursuant to K. S. A. 59-2402a. Thereupon, the defendant district judge set the case for trial on October 29, 1968. In the meantime, plaintiff, on behalf of the Findleys' estates, filed an answer to Frase's complaint in federal district court.

The separate actions were thus pending concurrently in both courts when, on October 4, 1968, Frase filed a motion in the district court of Barber county requesting that the state court proceedings be stayed until the action in federal court could be heard. The reasons advanced in support of the stay motion were: the action in federal court was filed prior to the "notice" filed in the probate court; a trial in federal court would be determinative of all issues in the state court; that Frase (plaintiff in the federal court action) elected to have the matter tried in the federal court, his only reason for filing the claim in the probate court being to give "formal notice" that an action had been filed in federal court; and that citizens of a foreign state have the right to choose their forum in cases of this nature. Thereafter, the defendant district judge notified counsel for both parties by letter he was inclined to grant the motion. Plaintiff's attorneys expressed the desire to be heard on the matter, and after hearing arguments of counsel, the district judge entered an order on November 11, 1968, stating, "the case in the Barber County District Court shall be stayed at this time."

From the judge's letter to counsel, as well as his statements from the bench, his action appears to have been on the bases that the question of granting a stay order was a discretionary act, that

ordinarily a plaintiff should be able to choose the forum in which he desires to try his case, and that to compel Frase to go to trial in Barber county against his will would be unfair.

In his petition before us plaintiff alleges that the defendant district judge, in entering the stay order, abused his discretion so as to amount to a clear avoidance of duty, and that because of the arbitrary, unreasonable and unjust action of the defendant, plaintiff has been deprived of his opportunity to have the action in Barber county tried upon the merits in a speedy and adequate manner in the ordinary course of law. The same attorneys who represent Frase in both cases against the plaintiff have filed an answer in this court on behalf of the defendant district judge generally denying that he abused his discretion in granting the stay order.

The state court's jurisdiction over a claim of this nature is not subject to dispute. We have held that the probate court has exclusive original jurisdiction of an action for wrongful death against the estate of the deceased wrongdoer being administered in this state. (*Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401. Also, see cases cited in *In re Estate of Thompson*, 164 Kan. 518, 190 P. 2d 879.) The district court in this case acquired jurisdiction under the provisions of K. S. A. 59-2402a, authorizing transfer from the probate court of any claim exceeding $500 in value.

Plaintiff urges that since the defendant district judge had jurisdiction, he had a clear and positive duty to determine the claims against the Findleys' estates promptly and without delay, citing *Schaefer v. Milner*, 156 Kan. 768, 137 P. 2d 156, which states:

"The general rule is well established that when a court of competent jurisdiction acquires jurisdiction of the subject matter its authority continues until the matter is finally disposed of, and that no court of coördinate authority should interfere with its action. . . ." (p. 775.)

Plaintiff points to several provisions of the probate code which he argues were designed to carry out its purpose—to promote the orderly and expeditious settlement and distribution of estates. For example, upon transfer of the case from the probate court, the district court must hear and determine the issues "without unnecessary delay" (K. S. A. 59-2402b, 59-2408); creditors are given only nine months in which to exhibit their demands (K. S. A. 59-2239); and provision is made for the filing of contingent claims, which shall be heard and determined "in such manner as not to delay the closing of the estate, if that can be done with justice to

the parties" (K. S. A. 59-2241). In light of these provisions, plaintiff contends there were no compelling reasons to justify the district judge's staying further proceedings "at this time."

There is no question but that a state court has the power to stay procedings therein until determination of an action pending in a federal court sitting in the same state. (*Lanova Corp. v. Atlas Imperial Diesel Engine Co.*, 44 Del. 593, 64 A. 2d 419, and numerous cases collected in the annotation in 56 A. L. R. 2d 335, § 3.) In *Landis v. North American Co.*, 299 U. S. 248, 81 L. Ed. 153, 57 S. Ct. 163, it was stated:

". . . [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." (p. 254.)

Plaintiff candidly concedes that the fact the probate court has exclusive original jurisdiction over wrongful death claims against decedents' estates has not deterred the federal courts from hearing and determining such claims in diversity of citizenship cases. The federal court, in *Prater v. Poirier*, 134 F. Supp. 499 (D. C. Kan. 1955), refused to dismiss an action against the estate of the deceased wrongdoer, notwithstanding the identical claim was also filed and pending in the probate court. Ordinarily, federal courts do not have jurisdiction to entertain a proceeding purely of a probate character relating to the administration of decedents' estates (*Rice v. Sayers*, 198 F. 2d 724 [10th Cir. 1952], cert. denied 344 U. S. 877, 97 L. Ed. 680, 73 S. Ct. 172), but where diversity of citizenship exists and the requisite amount is in controversy, the federal courts have recognized their jurisdiction to determine questions which may be adjudicated without interfering with probate or assuming general probate jurisdiction (*Holt v. King*, 250 F. 2d 671 [10th Cir. 1957]; *Rosenberg v. Baum*, 153 F. 2d 10 [10th Cir. 1946]; *Miami County Nat. Bank of Paola, Kan. v. Bancroft*, 121 F. 2d 921 [10th Cir. 1941]; *McElroy v. Security National Bank of Kansas City, Kansas*, 215 F. Supp. 775 [D. C. Kan. 1963]).

Federal and state courts that have concurrent jurisdiction over civil actions are considered as courts of separate jurisdictional sovereignties, and the pendency of a personal action in either a state or federal court involving the same parties and the same controversy does not entitle a litigant to abatement of the action in the other court. If the action brought in a federal and in a state court of concurrent jurisdiction is strictly *in personam* for recovery

of a personal judgment, both courts may proceed with the litigation, at least until judgment is obtained in one court, which may be set up as *res judicata* in the other. (*Farmers Union Cooperative Elevator v. Grain Dealers Mut. Ins. Co.*, 194 Kan. 181, 398 P. 2d 571, and authorities cited therein.)

The staying of proceedings in a state court pending determination of an action in a federal court is not a matter of right, but rests on the rule of comity and involves the exercise of discretion, which will not be interfered with unless clearly abused. (*Farmers Union Cooperative Elevator v. Grain Dealers Mut. Ins. Co.*, supra; 1 Am. Jur. 2d, Actions § 97; 1 C. J. S., Actions § 133 (c) (7); Anno. 56 A. L. R. 2d 335.) A stay order does not terminate the action, but merely postpones its disposition, and the order may be modified or vacated by the court whenever deemed necessary or proper. Like a continuance, the question of staying an action is largely discretionary with the court and is governed by the same law applicable to continuances. (See, *Dalton v. Hill*, 169 Kan. 388, 219 P. 2d 710.)

The rule of comity between courts of concurrent jurisdiction is most beneficial and is bottomed upon the principle of wisdom and justice to prevent vexation, oppression and harassment, and eliminate unnecessary litigation in a multiplicity of suits. (*Farmers Union Cooperative Elevator v. Grain Dealers Mut. Ins. Co.*, supra.) As between state and federal courts of concurrent jurisdiction, the rule is predicated on the proposition that subject matter drawn into and remaining within the cognizance of one court should not be drawn into controversy or litigated in another court of concurrent jurisdiction. (*Johnson v. American Surety Co.*, 292 Mo. 521, 238 S. W. 500.)

The grounds on which a stay will be granted vary according to the requirements of the particular case in which a stay is sought. The textwriter in 1 Am. Jur. 2d, Actions § 97, summarizes the determinative factors as follows:

"State courts in the exercise of their discretion to grant a stay until the determination of an action pending in federal court have taken into consideration whether the action in the federal court was commenced prior to the state court proceeding; whether the federal adjudication affects the outcome of the state court action; whether the parties, causes of action, and issues in the two actions are the same; whether it is more convenient for the parties to conduct the litigation in one forum rather than in the other; whether the question was one of federal law, as to which the federal courts have special knowledge and expertise; whether the federal court was likely to entertain the action; and whether the federal action was brought in good faith."

(Also, see, 1 C. J. S., Actions § 133 (c) (7); Anno. 56 A. L. R. 2d 335.)

The stay of state court proceedings pending a decision in an action filed in the federal court sitting in the same state is frequently granted where the action in federal court has been commenced prior to the state court proceeding, and the decision in the federal case will be determinative of all or some of the issues in the state court action. (See, *e. g., Conrad v. West,* 98 Cal. App. 2d 116, 219 P. 2d 477; *Wade v. Clower,* 94 Fla. 817, 114 So. 548; *Consumers Power Co. v. Michigan Public Utilities Com.,* 270 Mich. 213, 258 N. W. 250; *Sparrow v. Nerzig,* 228 S. C. 277, 89 S. E. 2d 718, 56 A. L. R. 2d 328.) Most of the cases upholding an order staying a state court proceeding pending determination of the federal court action have been in situations where one party has initiated an action in federal court and the other party thereafter filed an action involving substantially the same issues in the state court. The significance of the federal court action being commenced first is somewhat lessened in a situation where, as here, the same party institutes identical actions in both the federal and state courts. Frase's avowed reason for initiating proceedings in the probate court, notwithstanding his intention to have the matter determined in federal court, appears plausible and sound. The claims on behalf of the Teers' estates arose from the alleged tortious acts of the Findleys. Consequently, Frase was required under our law to exhibit his demands against the alleged wrongdoers' estates by filing his claims in the probate court (K. S. A. 59-2237; *Shively v. Burr,* supra) and thus avoid the possible bar of the nonclaim statute (K. S. A. 59-2239).

A traditional explanation for permitting a nonresident plaintiff the right to bring an action in the federal court under the diversity of citizenship provision of the judicial code (28 U. S. C. A. § 1332) is that state courts may in some way be prejudiced against out-of-state litigants. (Wright—Federal Courts [1963] § 23.) While the record does not suggest that Frase would suffer any prejudice by having his claims determined in the local state court, neither does it support plaintiff's argument that he should be compelled to go to trial there because he invoked the state court's jurisdiction. The filing of the claims in probate court in no way deprived the district court from exercising its discretion in granting a stay of the proceedings until the action in federal court could be heard and determined. In his motion for a stay of the state court proceedings, Frase states

the only reason the claims were filed in probate court was to give "formal notice" of the pending federal action. He further states that he instructed his attorneys to file the case in federal court and his Kansas counsel were retained for the sole purpose of having the matter heard in that court. Absent is any hint that the action in federal court was instituted for the purpose of harassment or delay, or that it was brought other than in good faith. The defendant judge obviously was of the opinion that Frase should have some choice as to which court was to hear and determine the issues of liability and damages, and concluded from all the circumstances it would be unfair to force him to go to trial over his objection in the state court. Inherent in the judge's conclusion is the finding that plaintiff's position would not be adversely affected by having the issues adjudicated in the federal court. The parties and the issues in each of the actions are identical, and the trial in federal court will be determinative of the issues in the state court action. Contrary to plaintiff's argument, there is no showing that he would be subjected to unwarranted delay if the matter is determined in the federal court instead of the state court. From the uncontradicted statements in defendant's brief, discovery has been completed, a pretrial conference held, and the case is ready for trial in the federal tribunal. Further, we are not impressed with plaintiff's argument that he will be prejudiced by any erroneous rulings of the federal court regarding state law, since the federal court's determination thereof cannot be reviewed by this court. In our view, there is nothing about the nature of this case that presents unique or unusual questions of state law requiring that the case be heard in the state court rather than the federal court.

Under all the facts and circumstances, we have concluded the district court did not abuse its discretion in ordering a stay of its proceedings.

Judgment is entered for the defendant.