**POWER TRAIN, INC., and Jack H. Wynn, Plaintiffs and Appellants,**

v.

**Paul M. STUVER, Defendant and Respondent.**

**No. 14302.**

Supreme Court of Utah.

June 2, 1976.

Orrin G. Hatch of Hatch & Plumb Salt Lake City, for plaintiffs and appellants.

Steven C. Vanderlinden, Farmington, for defendant and respondent.

MAUGHAN, Justice:

An order of the trial court is here by way of intermediate appeal. The order

---

dismissed plaintiffs' complaint in Utah, because of another action pending in California. We reverse and remand.

Defendant Stuver filed an action in California on November 1, 1974, seeking rescission of two assignments to plaintiffs concerning certain patented inventions. Plaintiffs filed an answer on December 10, 1974, asserting certain affirmative defenses but no counterclaim.

Plaintiffs filed the instant action on June 23, 1975. In their complaint, they set forth 15 separate counts of tortious conduct of defendant; many of the counts involved misrepresentation with respect to the inventions assigned. Defendant filed a motion to dismiss on the ground that the same issues and parties were involved in a prior lawsuit pending in California.

The trial court found the same parties and same issues were involved in the pending lawsuit in California, and all 15 causes of action in the complaint arose out of the same series of transactions or occurrences as the cause of action filed by Stuver in California. The complaint was further found to be related to the defenses that plaintiffs had asserted in general terms in their answer filed in the California action. The trial court ruled the 15 causes of action alleged in plaintiffs' complaint were compulsory counterclaims, which should have been filed in the California action, and the principles of comity required dismissal of the Utah action.

■ On appeal, plaintiffs contend that even if the action in California were deemed to involve the identical parties, issues, and relief, such a determination would not constitute grounds for a dismissal. This point is well taken.

■ The dismissal of an action, although without prejudice, constitutes an abatement for the time being. It is the equivalent of the common law plea in abatement. A dismissal not only postpones the action as a stay might have done, it discontinues the complaint completely, so as an entirely new suit must be instituted to bring the cause before the court again.[1]

In *Upton v. Heiselt Construction Company*,[2] this court stated that where two identical actions between the same parties are initiated, first in one state and then in another, it is generally held that such identical actions can co-exist in different states, provided that a *judgment* in one may be pleaded in bar or in abatement to the other.[3] "An action *in personam* pending in one state is not sufficient ground to sustain a plea in abatement to an action on the same cause between the same parties in a second state."[4]

■ A pending action in another state may be grounds for a stay of the proceedings but not for a dismissal.[5] The distinction between a stay and a dismissal can be of great significance to plaintiffs. If *Stuver* should dismiss his action in California or if the action in California should not resolve all the issues raised in the complaint herein, the statute of limitations may bar refiling the action. Any hardship to defendant is outweighed by the advantage to plaintiffs.[6]

■ The matter of granting a stay, when an action is pending in another jurisdiction is addressed to the sound discretion of the trial court.[7] This power to grant a

---

1. *Fitch v. Whaples*, Maine, 220 A.2d 170 (Me.1966).

2. 3 Utah 2d 170, 174, 280 P.2d 971 (1955).

3. See Restatement, Conflicts, 2d, Sec. 86.

4. 3 Beale, Conflict of Laws, Sec. 619.1, p. 1662 (1935); also see Ehrenzweig, Conflict of Laws 128 (1962); Leflar, American Conflicts Law, 169–170 (1968).

5. *Thomson v. Continental Insurance Company*, 66 Cal.2d 738, 59 Cal.Rptr. 101, 427

P.2d 765 (1971); *Farmers Union Cooperative Elevator and Shipping Association v. Grain Dealers Mutual Insurance Co.*, 194 Kan. 181, 398 P.2d 571 (1965).

6. Stimson, Conflict of Laws 363–364 (1963); *Thomson v. Continental Insurance Co.*, Id., footnote 4 at p. 107 of 59 Cal.Rptr., at p. 771 of 427 P.2d.

7. *Thomson v. Continental Insurance Co.*, Id.

stay in the proceedings exists in a court by virtue of its right to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.[8]

. . . In exercising its discretion the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced. [Citations][9]

In *General Foods Corporation v. Cryo-Maid, Inc.,*[10] the court cited the following as proper factors to be considered in determining whether a stay should be granted when a suit is pending in another jurisdiction: (1) The relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether the controversy is dependent upon the application of the law of this State which the courts herein more properly should decide than those of another jurisdiction.[11] Here it appears plaintiffs' principal place of business is in Salt Lake County, the laws of Utah are to govern the agreements, and many of the business contacts involved in the allegations of the complaint are within Utah.

The trial court erred in dismissing this action. Upon remand, the propriety of a stay, if such be requested, is to be addressed to the discretion of the trial judge. Costs are awarded to plaintiffs.

ELLETT, ·CROCKETT and TUCKETT, JJ., concur.

HENRIOD, Chief Justice: (concurring in the remand).

I concur in the remand to determine if a stay of proceedings, rather than outright dismissal, should maintain, under the particular circumstances of this specific case, but do not subscribe necessarily to the rationale or authorities mentioned in the main opinion.

---

8. *Henry v. Stewart,* 203 Kan. 289, 454 P.2d 7 (1969).

9. *Farmland Irrigation Co. Inc. v. Dopplmaier,* 48 Cal.2d 208, 308 P.2d 732, 736, 66 A.L.R. 2d 590 (1957).

10. 41 Del.Ch. 474, 198 A.2d 681, 684 (1964).

11. For an application of these factors, see *Sperry Rand Corporation v. United Engines, Inc.,* Del.Super., 261 A.2d 527 (1969); *Fenix & Scisson, Inc. v. Underground Storage, Inc.,* Del.Super., 262 A.2d 260 (1970).