**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Raylene MAYER, Defendant–Appellee.**

**No. 91CA1028.**

Colorado Court of Appeals,
Div. IV.

May 21, 1992.

The Law Firm of Mike Hilgers, Mike Hilgers, Jeffery M. Grass, Arvada, for plaintiff-appellant.

David W. Duncan, Durango, for defendant-appellee.

Opinion by Judge MARQUEZ.

In this declaratory judgment action, plaintiff, Nationwide Mutual Insurance Company, a foreign corporation, appeals from the judgment dismissing its complaint against defendant, Raylene Mayer. We re-

verse the judgment and remand the case for further proceedings.

It is undisputed that Mayer was injured in an accident while riding as a passenger on a motorcycle in Albuquerque, New Mexico, on September 9, 1989. At the time of the accident, Mayer was a student at the University of New Mexico in Albuquerque.

In a separate action brought in New Mexico, Mayer obtained a default judgment for $125,000 and $25,000 against the operator of the motorcycle and its owner, respectively. However, because the motorcycle's operator was uninsured and its owner was underinsured at the time of the accident, Mayer submitted a claim to Nationwide, pursuant to her father's policy, for the unsatisfied portion of the judgment.

Pursuant to a written agreement, Nationwide paid Mayer $50,000 under the single policy limit of her father's uninsured/underinsured motorist coverage. The agreement acknowledged the existence of an ongoing dispute between the parties in which Mayer claimed that multiple coverage limits were available to her in view of the several cars insured under her father's policy. Nationwide's stated position was that only a single coverage limit was applicable to Mayer's claim.

On January 18, 1991, Mayer filed a complaint against Nationwide in New Mexico seeking a declaratory judgment regarding coverage and other relief. On February 26, 1991, Nationwide filed the present action in Colorado against Mayer.

Nationwide's complaint sought to determine the parties' rights and duties concerning an insurance policy it had issued to Mayer's father in Colorado. A copy of the policy, which included uninsured/underinsured motorist coverage, was attached to the complaint.

In response to the complaint, Mayer filed a motion to dismiss the Colorado action or, in the alternative, to stay the proceedings until resolution of the previously filed action pending in New Mexico. The motion asserted that the earlier New Mexico action involved the same parties and the same issues and that, therefore, the Colorado action should be abated or stayed.

The trial court determined that an action involving the same parties and the same subject matter was first filed in the State of New Mexico. The trial court further determined that service of process was completed in the New Mexico action on January 28, 1991, and was not completed in the instant action until March 16, 1991. The trial court then concluded that, since there was already an action pending in a convenient and competent forum in a sister state, under principles of comity, it should decline to entertain jurisdiction. Accordingly, the trial court dismissed the action.

Nationwide contends that the trial court erred in dismissing this action on grounds of comity in favor of the New Mexico action. We conclude that the court erred in dismissing the action and that the cause should be remanded for a determination of whether the proceedings should be stayed pending a final determination of the New Mexico action.

■ In *Wiltgen v. Berg*, 164 Colo. 139, 435 P.2d 378 (1967), which involved separate actions filed in Colorado courts, our supreme court held that, if dual actions involve the same subject matter and the same parties, the action first filed has priority of jurisdiction, and the second action must be stayed until the first is finally determined. *Cf. In re Marriage of Mowrer*, 817 P.2d 612 (Colo.App.1991) (court declined to accept jurisdiction, but stated it may exercise jurisdiction in future).

■ If suits are filed in two different states, the general rule is that the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state even though both suits are between the same parties and upon the same cause of action. However, the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one. *Simmons v. Superior Court*, 96 Cal. App.2d 119, 214 P.2d 844, 19 A.L.R.2d 288 (1950) (dissolution of marriage action); *Fitch v. Whaples*, 220 A.2d 170 (Me.1966) (breach of contract); *See Sauter v. Sauter*, 4 Conn.App. 581, 495 A.2d 1116 (1985);

*Singer v. Dong Sup Cha,* 379 Pa.Super. 556, 550 A.2d 791 (1988).

█ Multiple considerations may serve the trial court in the exercise of its discretion in granting or denying a stay, such as whether the subsequent action was designed solely to harass the adverse party; the nature of the respective actions, especially with a view as to which appears to provide complete justice; where the cause of action arises and which law will be applicable; whether there will be great and unnecessary expense and inconvenience; the availability of witnesses; the stage to which the proceedings in the other court have already progressed; the delay in obtaining trial. *Fitch v. Whaples, supra; Power Train, Inc. v. Stuver,* 550 P.2d 1293 (Utah 1976) (action for rescission of assignments).

Accordingly, we conclude that the court erred in dismissing the action. *Fitch v. Whaples, supra; Power Train, Inc. v. Stuver, supra.* Because the decision whether to stay the proceedings pending a final determination of the New Mexico action is left to the discretion of the trial court, we conclude that the cause should be remanded for further proceedings consistent with the views expressed herein.

In view of our resolution of this issue, it is unnecessary to address Nationwide's other arguments.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

CRISWELL and DUBOFSKY, JJ., concur.